# EXHIBIT E



IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON IN AND FOR THE COUNTY OF WHITMAN

| | |
|---|---|
| TIMOTHY P. BEUCA,<br>    Plaintiff,<br><br>vs.<br><br>WASHINGTON STATE UNIVERSITY<br> and JOHN and JANE 1-10,<br><br>    Defendants. | No. 22-2-00252-38<br><br>AMENDED COMPLAINT FOR DAMAGES |

**INTRODUCTION**

1. The State of Washington has mandated, by Proclamation of the Governor 21-14.1 et seq. "the proclamation", SARS-CoV2 (CV-19) vaccinations for all persons employed by State agencies on or before October 18, 2021. Employees of Washington State University (WSU) were instructed to submit a request for accommodation, and the Plaintiff did submit such a request. Timothy P. Beuca (Plaintiff) was a medical student doing his residency with Providence Regional

1

COMPLAINT FOR
DAMAGES

Medical Center (Providence). The Plaintiff applied for a religious exemption from the vaccine due to his sincerely held religious beliefs. Following this, the Plaintiff received a religious exemption from Providence but not from WSU. WSU also encouraged Providence not to grant his religious exemption and they withdrew their grant of the Plaintiff's religious exemption.

2. No meetings were held to determine if an accommodation for people of faith who hold sincere religious convictions against ingesting CV-19 vaccines were made. These actions show a premeditated determination to deny accommodations and a failure on the part of WSU to afford employees of faith an interactive accommodation process. Plaintiff seeks redress for this violation of law.

3. The Plaintiff seeks relief in the form of declaratory relief and damages against the Defendants, and all those in active concert, from abridging Plaintiff's statutorily protected rights guaranteed to him by Title VII 42 USC §2000(e) and under the Washington Law Against Discrimination (WLAD) 49.60.030 et. seq.

4. Plaintiff also asks this Court for *de novo* review of the accommodation process and the failure of WSU to actively engage therein.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to the Revised Code of Washington RCW 2.08.010.

6. Plaintiff's claims for declaratory relief are authorized by RCW 7.24.010, Civil Rules 57 and 65, and the general legal and equitable powers of this Court, which empower this Court to grant the requested relief.

COMPLAINT FOR
DAMAGES

7. Venue is proper within this judicial district and division, pursuant to RCW 4.12.025, because the Defendant, WSU, is a State University carrying out the business in the State and acting under color of law at headquarters located in Pullman, Whitman County.

8. This court has supplemental jurisdiction over federal claims under 42 U.S.C. §2000e.

## PARTIES

9. Plaintiff Timothy P. Beuca submitted a request for a religious exemption that was initial granted by Providence but later withdrawn at the request of the Defendant.

10. WSU is charged by Proclamation 21-14 et seq with requiring all of its employees to be vaccinated or to submit a religious/medical exemption. WSU was the employer of the Plaintiff in this case.

11. The true names and capacities, whether individual, corporate, associate, or otherwise, of Does 1 through 10, inclusive are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. Plaintiff believes and alleges that each of the fictitiously named Defendants are in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and are legally responsible in some manner. Plaintiff will seek leave to amend this Complaint when the true names, capacities, participation, and responsibilities have been ascertained.

12. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned the Defendants acted to discriminate and deprive him of his right to fair treatment and due process; in so doing the things hereinafter complained of were acting within the course and scope of such agency and/or employment, and with the knowledge and consent of the remaining Defendants.

3

COMPLAINT FOR DAMAGES

**FACTS**

23. On or about August 9, 2021, the Governor of Washington, Jay Inslee, passed Proclamation 21-14 et seq. requiring all state employees to obtain vaccination against the CV19 virus.

24. Proclamation 21-14 et seq. requires all State Agencies to direct their employees to subject themselves to a CV-19 vaccination or face termination from their employment.

25. Proclamation 21-14 et seq. allows for religious accommodation under Title VII, 42 U.S.C. 2000e.

26. Proclamation 21-14 et seq. has been implemented by Defendants in a manner that does not allow for the religious accommodation process to be given meaningful dialogue regarding requests for accommodations, and thus deprives the plaintiff( of rights at law.

27. Plaintiff holds sincere religious beliefs and convictions that prevent him from taking the CV-19 vaccination. His beliefs are sincere.

28. Upon submission of his request for an exemption, the plaintiff was granted an exemption from receiving the vaccination by Providence but not the Defendant, WSU. In addition, WSU also encouraged Providence not to grant his religious exemption and Providence withdrew their grant of the Plaintiff's religious exemption. While Providence acknowledged the Plaintiff's sincerely held religious beliefs, WSU questioned the Plaintiff's sincerely held religious beliefs, which is a violation of law.

29. Once WSU was placed on notice of the Plaintiff's beliefs, the law requires a meaningful analysis of the employee's job and the requested accommodation and a reasonable attempt to accommodate. WSU failed to hold an interactive and engaging analysis of the job prior to

4

COMPLAINT FOR
DAMAGES

denying the Plaintiff's requested accommodation.

30. WSU failed to grant Plaintiff's religious exemption and failed to reasonably accommodate the Plaintiff.

31. As a result of the denial of the request for a religious exemption and a reasonable accommodation under Title VII and WLAD, the Plaintiff has been terminated from his employment. This constitutes an adverse employment action, and comes on the heels of the Plaintiff asserting his protected rights as a member of a protected class.

32. The Plaintiff received his right to sue letter from the Equal Employment Opportunity Commission on September 5, 2022. Plaintiff filed a claim for damages form pursuant to on or about November 21, 2022. More then 60 days since the claim was filed, therefore , the Plaintiff has complied with RCW 4.92. et. seq.

### FIRST CAUSE OF ACTION

**Violation of Title VII 42 USC §2000e Against Defendants forFailure to Accommodate**

33. Plaintiff re-alleges the facts above and incorporate those herein by reference as if fully alleged.

34. By submitting a request for religious exemption and accommodation under Title VII, the Plaintiff engaged in actions protected by federal law.

35. Plaintiff apprised the Defendants of his sincerely held religious belief but he was denied a religious exempt by the Defendants from the CV19 vaccine requirement.

36. The Defendants subjected the plaintiff to adverse employment action and the plaintiff lost his job due to his sincerely held religious beliefs.

37. The Defendants refused to entertain requests for religious accommodation under Title VII, and

5

engage in a meaningful analysis of the requested accommodation.

38. Wherefore, Plaintiff brings this claim under 42 U.S.C. § 2000(e) and requests the relief set forth below in the prayer for relief.

## SECOND CAUSE OF ACTION:

## Violation of State Law Prohibiting Religious Discrimination

## RCW 49.60.180 et. seq.

39. The Plaintiff hereby incorporates paragraphs 1-38 as though fully set forth herein.

40. Like Title VII, RCW 49.60 et. seq. (WLAD) prohibits employers from discharging individuals from employment on the basis of the individuals' religion and or creed, as Defendants have done here.

41. Because Washington's State law prohibiting employers from discriminating on the basis of religion is modeled after Title VII, and because the analysis for religious discrimination claims under both statutes is identical, the Plaintiff incorporates the facts set forth in their first cause of action above in paragraphs 33-38 and incorporate those facts by reference herein.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that the Court enter judgment in their favor, and against the Defendants, for full relief, including the following:

1. Damages including lost wages, benefits, and all other lost income stemming from the discriminatory actions of Defendant(s).

2. Attorney's fees and costs; and,

3. Declaratory relief that WSU, failed to implement policies and procedures that encouraged engaging in a meaningful analysis of what accommodations may be made for those protected by

Title VII when asserting their sincerely held religious beliefs against being vaccinated; in so doing WSU denied the Plaintiff of his rights and entitlements at law.

4. Declaratory relief that the accommodation process failed to meet the minimum standards required at law under *De Novo* review.

5. Enter a judgment that the acts and practices of the Defendants complained of herein are in violation of state law and/or common law;

6. Award the plaintiff compensation for all present, and future lost wages; including without limitation and any other relief this Court deems necessary;

7. Award the plaintiff the costs of this action, including the fees and costs of experts, together with reasonable attorney's fees.

8. Award the plaintiff total general and special damages in amount to be proven at the time of trial.

9. Grant the plaintiff such additional and further relief as this Court deems necessary, just, and equitable.

Respectfully Submitted this 15th day of February, 2022.

/s/Harold H. Franklin, Jr.
WSBA #20486
Tracy Tribbett
WSBA #35922
Pacific Justice Institute
Attorneys for the Plaintiff
459 Seneca Avenue NW
Renton, WA 98057
hfranklin@pji.org