1  ZACHARY J. PEKELIS, WSBA #44557
2  Special Assistant Attorney General
   PACIFICA LAW GROUP LLP
3  1191 2nd Avenue, Suite 2000
   Seattle, WA  98101-3404
4  (206) 245-1700

5

6                  UNITED STATES DISTRICT COURT
7                  EASTERN DISTRICT OF WASHINGTON

8

9  TIMOTHY P. BEUCA,                    NO. 2:23-CV-00069-TOR

10              Plaintiff,
                                        WASHINGTON STATE
11  v.                                  UNIVERSITY'S
                                        MOTION TO DISMISS
12  WASHINGTON STATE
    UNIVERSITY and JOHN and             May 11, 2023
13  JANE 1-10,                          Without Oral Argument

14              Defendants.

15

16

17

18

19

20

21

22

23

24

WSU'S MOTION TO DISMISS
Case No. 2:23-CV-00069-TOR

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................1

II.   FACTS ...........................................................................2

    A.    The COVID-19 Pandemic and Washington's Emergency Response ..................2

    B.    The Delta Surge and Proclamation 21-14 ...........................................3

    C.    The Complaint's Limited Allegations .................................................5

III.  ARGUMENT ...................................................................6

    A.    Legal Standard ............................................................6

    B.    The Complaint Fails to Allege Sufficient Facts Under Rule 8(a) ........................8

    C.    The Complaint Fails to State Title VII and WLAD Claims.................................9

        1.    Dr. Beuca fails to identify his religious beliefs ...........................................10

        2.    Dr. Beuca does not allege how he informed WSU of his beliefs.................11

        3.    The undue hardship defense defeats Dr. Beuca's claim.............................12

IV.   CONCLUSION....................................................................13

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1
2

## TABLE OF AUTHORITIES

3
4

### Federal Cases

5

*Addison v. Amazon.com, Inc.,*
   No. CV 22-01071 (FLW), 2022 WL 2816946 (D.N.J. July 19, 2022)................10

6
7

*Ansonia Bd. of Educ. v. Philbrook,*
   479 U.S. 60 (1986) ....................................................................................12

8

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ............................................................... 7, 8, 9, 11

9
10

*Balint v. Carson City,*
   180 F.3d 1047 (9th Cir. 1999)....................................................................12

11

*Balistreri v. Pacifica Police Dep't,*
   901 F.2d 696 (9th Cir.1988) .......................................................................7

12
13

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ..................................................................................7

14
15
16

*Black v. Grant Cnty. Pub. Util. Dist.,*
   No. 2:17-CV-365-RMP, 2019 WL 2617236  (E.D. Wash. June 26, 2019),
   *aff'd in part and rev'd in part on other grounds*, 820 F. App'x 547
   (9th Cir. 2020) .........................................................................................9

17

*Church v. Biden,*
   No. CV 21-2815 (CKK), 2022 WL 1491100 (D.D.C. May 11, 2022) .................3

18
19

*Conservation Force v. Salazar,*
   646 F.3d 1240 (9th Cir. 2011)....................................................................7

20
21

*D'Cunha v. Northwell Health Sys.,*
   No. 1:22-CV-0988 (MKV), 2023 WL 2266520 (S.D.N.Y. Feb. 28, 2023).........13

22
23

*Does 1-2 v. Hochul,*
   --- F. Supp. 3d ----, No. 21-CV-5067(AMD) (TAM), 2022 WL 4637843
   (E.D.N.Y. Sept. 30, 2022) ........................................................................13

24

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

*Does 1-6 v. Mills,*
   16 F.4th 20 (1st Cir. 2021) ...................................................................4, 13

*Florida v. Dep't of Health & Hum. Servs.,*
   19 F.4th 1271 (11th Cir. 2021)....................................................................3

*Fowler v. UPMC Shadyside,*
   578 F.3d 203 (3d Cir. 2009) .......................................................................9

*Gamble v. Pac. NW Reg'l Council of Carps.,*
   No. 2:14-cv-455RSM, 2015 WL 402782 (W.D. Wash. Jan. 29, 2015)................8

*Groff v. DeJoy,*
   143 S. Ct. 646 (2023) ...............................................................................12

*Grubbs v. Arizona,*
   No. CV-20-02369-PHX-DJH, 2021 WL 4552419 (D. Ariz. Oct. 5, 2021)..........9

*Kane v. de Blasio,*
   --- F. Supp. 3d ----, No. 21 CIV. 7863 (NRB), 2022 WL 3701183
   (S.D.N.Y. Aug. 26, 2022)..........................................................................13

*Khalik v. United Air Lines,*
   671 F.3d 1188 (10th Cir. 2012)................................................................12

*King v. Cnty. of L.A.,*
   885 F.3d 548 (9th Cir. 2018) .....................................................................2

*Leake v. Raytheon Techs. Corp.,*
   No. CV-22-00436-TUC-RM, 2023 WL 2242857 (D. Ariz. Feb. 27, 2023)........10

*Love v. N.J. Dep't of Corr.,*
   No. CIV.A. 10-1714 (GEB), 2011 WL 345964 (D.N.J. Jan. 31, 2011) ..............11

*Lowe v. Mills,*
   No. 1:21-CV-00242-JDL, 2022 WL 3542187 (D. Me. Aug. 18, 2022) ..............13

*Marte v. Montefiore Med. Ctr.,*
   No. 22-CV-03491-CM, 2022 WL 7059182 (S.D.N.Y. Oct. 12, 2022) ...............12

*Mass. Corr. Officers Federated Union v. Baker,*
   567 F. Supp. 3d 315 (D. Mass. 2021).........................................................4

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

*Pedreira v. Ky. Baptist Homes for Child., Inc.,*
    579 F.3d 722 (6th Cir. 2009) ...................................................................10

*Peterson v. Hewlett-Packard Co.,*
    358 F.3d 599 (9th Cir. 2004) .....................................................................9

*Slidewaters LLC v. Wash. State Dep't of Labor & Indus.,*
    4 F.4th 747 (9th Cir. 2021) ....................................................................2, 3

*Steckman v. Hart Brewing, Inc.,*
    143 F.3d 1293 (9th Cir. 1998) ...................................................................8

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
    551 U.S. 308 (2007) ...................................................................................2

*Trans World Airlines, Inc. v. Hardison,*
    432 U.S. 63 (1977) ...................................................................................12

*Turner v. Ass'n of Apt. Owners of Wailea Point Vill.,*
    739 F. App'x 874 (9th Cir. 2018)..............................................................10

*We the Patriots USA, Inc. v. Hochul,*
    17 F.4th 266, *opinion clarified*, 17 F.4th 368 (2d Cir. 2021)...............13

*Wise v. Inslee,*
    No. 2:21-CV-0288-TOR, 2021 WL 4951571 (E.D. Wash. Oct. 25, 2021)...........5

**State Cases**

*Kumar v. Gate Gourmet, Inc.,*
    325 P.3d 193 (Wash. 2014) ..................................................................9, 12

**Federal Statutes**

42 U.S.C. § 2000e(j) .....................................................................................12

**Federal Rules**

Fed. R. Civ. P. 12(b)(6)......................................................................... 2, 7, 9

Fed. R. Civ. P. 8(a)(2)....................................................................................1

Fed. R. Evid. 201 ...........................................................................................2

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1
2

## Other Authorities

3    U.S. Centers for Disease Control and Prevention, COVID Data Tracker,
     http://bit.ly/3LadJ5s.................................................................................3

4    U.S. Centers for Disease Control and Prevention, *Monitoring Incidence of*
5    *COVID-19 Cases, Hospitalizations, and Deaths, by Vaccination Status —*
     *13 U.S. Jurisdictions, April 4–July 17, 2021*
6    (Sept. 17, 2021), http://bit.ly/3YQ9tMM .............................................4

7    U.S. Centers for Disease Control and Prevention, *Overview of COVID-19*
     *Vaccines* (Nov. 1, 2022), http://bit.ly/3FdTjVv ...................................3

8    Washington State Department of Health, *COVID-19 Data Dashboard* ..............3, 4

9
     U.S. Food and Drug Administration, *FDA Authorizes Pfizer-BioNTech*
10   *COVID-19 Vaccine for Emergency Use in Children 5 through 11 Years of*
     *Age* (Oct. 29, 2021), http://bit.ly/3ZSWgmb.......................................3
11

12   U.S. Food and Drug Administration, *FDA Authorizes Booster Dose of*
     *Pfizer-BioNTech COVID-19 Vaccine for Certain Populations*
13   (Sept. 22, 2021), http://bit.ly/3l2nEiY ................................................3

14   U.S. Food and Drug Administration, *Janssen COVID-19 Vaccine*
     (May 11, 2022), http://bit.ly/3l3SnvW ................................................3
15

16   WSU Elson S. Floyd Coll. of Med., *Internal Med. Residency Program–*
     *Everett*, https://medicine.wsu.edu/gme/im-everett/ (Mar. 17, 2023) ....................5

17
18
19
20
21
22
23
24

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

# I.    INTRODUCTION

Plaintiff Timothy P. Beuca, a former medical resident at Defendant Washington State University (WSU), declined to be vaccinated against COVID-19, purportedly for religious reasons. When an emergency gubernatorial proclamation required vaccination of all healthcare workers and state employees, Dr. Beuca sought an exemption and accommodation that would have allowed him to remain unvaccinated while continuing to serve as a primary care physician in close contact with patients, fellow healthcare providers, and others. WSU rejected Dr. Beuca's request, and he now accuses WSU of discriminating against him on the basis of his religious beliefs. Yet his Amended Complaint for Damages (Complaint), contains almost no factual allegations material to his religious discrimination claims, including (i) what his religious beliefs even are; (ii) how these beliefs precluded him from being vaccinated against COVID-19; (iii) to whom at WSU he disclosed these beliefs (and how and when); (iv) basic information about his religious exemption and accommodation request; (v) who informed him of its denial (and how and when); and (vi) any facts to support his conclusory allegation that he was discharged on the basis of his religious beliefs. Dr. Beuca's apparent ignorance of his own circumstances culminates in his naming of fictitious defendants allegedly "responsible for" his separation—a practice the federal rules do not allow.

For those reasons, the Complaint fails even the bare-minimum pleading standard to provide a "short and plain statement of the claim showing [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Even if Dr. Beuca cured the Complaint's manifest pleading defects, however, amendment would be futile because his religious discrimination claims would fail as a matter of law for an equally obvious reason:

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

accommodating Dr. Beuca's request to remain unvaccinated as a primary care physician serving vulnerable populations at the height of the COVID-19 pandemic would have imposed an undue hardship on WSU—a complete defense to liability under Title VII and the Washington Law Against Discrimination (WLAD). Numerous federal courts adjudicating similar failure-to-accommodate claims challenging employer vaccine requirements have reached that conclusion, dismissing with prejudice plaintiffs' complaints under Federal Rule of Civil Procedure 12(b)(6). This Court should, too.

## II.    FACTS

This factual summary is based on the limited facts included in the Complaint and judicially noticeable facts. *See* Fed. R. Civ. P. 12(b)(6); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). WSU asks the Court to take judicial notice of the government records and data cited herein—including from the U.S. Food and Drug Administration (FDA), the U.S. Centers for Disease Control and Prevention (CDC), and the Washington State Department of Health (DOH). *See* Fed. R. Evid. 201; *King v. Cnty. of L.A.*, 885 F.3d 548, 555 (9th Cir. 2018).

### A. The COVID-19 Pandemic and Washington's Emergency Response

In response to the COVID-19 pandemic, "[g]overnments at all levels instituted restrictions to curb the transmission of the virus." *Slidewaters LLC v. Wash. State Dep't of Labor & Indus.*, 4 F.4th 747, 752 (9th Cir. 2021). Even with those restrictions, COVID-19 has killed more than 1.1 million Americans, including

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

over 15,500 Washingtonians[1]—making it the "deadliest disease in American history." *Florida v. Dep't of Health & Hum. Servs.*, 19 F.4th 1271, 1275 (11th Cir. 2021) (cleaned up).

On February 29, 2020, amidst the initial COVID-19 outbreak in Washington, Governor Inslee proclaimed a state of emergency. *Slidewaters*, 4 F.4th at 752; Procl. 20-05. Between December 2020 and February 2021, the FDA issued Emergency Use Authorizations (EUAs) for three COVID-19 vaccines developed by Pfizer, Moderna, and Johnson & Johnson.[2] FDA gave full approval to Pfizer's vaccine for people 16 and older on August 23, 2021, and to Moderna's for people 18 and older on January 31, 2022. *Church v. Biden*, No. CV 21-2815 (CKK), 2022 WL 1491100, at *2 (D.D.C. May 11, 2022). The CDC considers the vaccines to be safe and effective in reducing the risk of severe illness or death due to COVID-19.[3]

**B. The Delta Surge and Proclamation 21-14**

In summer 2021, the "Delta variant" emerged—a new, highly infectious

---

[1] CDC, COVID Data Tracker, http://bit.ly/3LadJ5s (last visit Mar. 12, 2023); DOH, *COVID-19 Data Dashboard*, Disease Activity and Testing, https://bit.ly/3AKV0Gq (last update Mar. 8, 2023).

[2] FDA, *FDA Authorizes Pfizer-BioNTech COVID-19 Vaccine for Emergency Use in Children 5 through 11 Years of Age* (Oct. 29, 2021), http://bit.ly/3ZSWgmb; FDA, *Janssen COVID-19 Vaccine* (May 11, 2022), http://bit.ly/3l3SnvW; FDA, *FDA Authorizes Booster Dose of Pfizer-BioNTech COVID-19 Vaccine for Certain Populations* (Sept. 22, 2021), http://bit.ly/3l2nEiY.

[3] CDC, *Overview of COVID-19 Vaccines* (Nov. 1, 2022), http://bit.ly/3FdTjVv.

WSU'S MOTION TO DISMISS - 3
Case No. 2:23-CV-00069-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

COVID-19 strain. *See Does 1-6 v. Mills*, 16 F.4th 20, 26–27 (1st Cir. 2021). Twice as infectious as earlier variants, *id.*, Delta spread like wildfire, causing Washington's daily case count to jump from a low of 329 on June 28 to 4,449 on September 7, 2021.[4] While "no vaccine is 100% effective," the COVID-19 vaccines proved highly effective at preventing the virus's spread and severe disease—particularly with the Delta variant. *Mass. Corr. Officers Federated Union v. Baker*, 567 F. Supp. 3d 315, 319–20 (D. Mass. 2021). According to a September 2021 CDC report (when Delta was dominant), unvaccinated people were 5 times more likely to contract, 10 times more likely to be hospitalized with, and 11 times more likely to die from COVID-19 than those who were fully vaccinated.[5] Despite such stark disparities, the Delta surge coincided with a steady decline in vaccination rates.[6] In August 2021, nearly 30% of eligible Washingtonians were unvaccinated. Procl. 21-14 at 2.

On August 9, 2021, Governor Inslee issued Proclamation 21-14 (together with subsequent iterations, the "Proclamation"), prohibiting healthcare providers and most state employees from working after October 18, 2021, without being fully vaccinated against COVID-19, *i.e.*, at least two weeks post-final dose. Procl. 21-14. When it took effect, the Proclamation applied to at least 681,000 workers across the three covered sectors—state government, health care, and education. *Wise v. Inslee*,

---

[4] DOH, *COVID-19 Data Dashboard*, Disease Activity and Testing, *supra* note 2.

[5] CDC, *Monitoring Incidence of COVID-19 Cases, Hospitalizations, and Deaths, by Vaccination Status — 13 U.S. Jurisdictions, April 4–July 17, 2021* (Sept. 17, 2021), http://bit.ly/3YQ9tMM.

[6] DOH, *COVID-19 Data Dashboard*, Vaccinations, *supra* note 2.

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

No. 2:21-CV-0288-TOR, 2021 WL 4951571, at *1 (E.D. Wash. Oct. 25, 2021). The Proclamation required covered employers to evaluate requests for medical and religious exemptions and provide reasonable accommodations as required by state and federal antidiscrimination statutes. Procl. 21-14.2 at 5–6. Covered employers had to "conduct[] an individualized assessment and determination of each individual's need and justification for an accommodation." *Id.* at 6. Covered employers were "prohibited from providing accommodations" if "based on false, misleading, or dishonest grounds or information" or "the personal preference of the individual," rather than "an inability to get vaccinated because of a disability or a conflict with a sincerely held religious belief, practice, or observance." *Id.*

## C. The Complaint's Limited Allegations

At the time Governor Inslee issued the Proclamation, Dr. Beuca was working as a medical resident with WSU's Elson S. Floyd College of Medicine, in its Internal Medicine Residency Program in Everett. *See* Compl. ¶¶ 1, 10; *see generally* WSU Elson S. Floyd Coll. of Med., *Internal Med. Residency Program–Everett*, https://medicine.wsu.edu/gme/im-everett/ (Mar. 17, 2023). As part of his internal medicine residency, Dr. Beuca was working at Providence Regional Medical Center in Everett. Compl. ¶ 1. Dr. Beuca alleges no facts as to his job duties or work as an internal medicine resident. Dr. Beuca acknowledges that the Proclamation applied to WSU as a state agency, such that its employees were required to be vaccinated against COVID-19 or receive a religious or medical exemption. Compl. ¶¶ 10, 24. (But Dr. Beuca fails to mention that all healthcare workers—whether in private or public facilities—were subject to the Proclamation, which thus covered Dr. Beuca two-fold.) He also alleges that his "sincere religious beliefs and convictions"

WSU'S MOTION TO DISMISS - 5
Case No. 2:23-CV-00069-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

prevented him from complying with the vaccine requirement. Compl. ¶ 27. However, Dr. Beuca alleges no facts about what those supposed religious beliefs *are* or their connection to the COVID-19 vaccines.

Dr. Beuca alleges that he submitted a request for a religious exemption from the vaccine requirement, but fails to identify to whom he submitted his request, in what manner, and when. *See* Compl. ¶¶ 1, 29. Dr. Beuca alleges that WSU denied his request for a religious exemption, *id.* ¶ 35, but he fails to indicate in what manner or when this denial was communicated to him or even who informed him his request was denied. Further, Dr. Beuca makes the conclusory allegation that WSU "failed to hold an interactive and engaging analysis" of his request, but does not include any allegations about what he understands the review process to have entailed or what additional process he believes was required. *See id.* ¶ 29.

Based on these limited facts, Dr. Beuca initially filed, but did not serve, his original complaint in Whitman County Superior Court on December 2, 2022. ECF No. 1-3. On February 22, 2023, Dr. Beuca filed and served the Complaint, ECF No. 1-5, which names WSU and ten "fictitious" defendants "John and Jane 1-10," whom Dr. Beuca says "are in some way responsible for, or participated in, or contributed to" his separation. Compl. ¶ 11. The Complaint lists two causes of action: (1) religious discrimination under Title VII and (2) religious discrimination under WLAD. *Id.* ¶¶ 33–41. WSU removed the action to this Court on March 15, 2023.

### III.    ARGUMENT

#### A. Legal Standard

To satisfy the pleading requirements under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient under Rule 8. *Id.* Further, a pleading that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" does not satisfy the pleading standard. *Id.*

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Whether a complaint states a claim for relief "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (cleaned up). Dismissal may be based on either "the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1988)). "Leave to amend need not be granted, and dismissal may be ordered with prejudice, if amendment would be futile," such as when a claim "fails as a matter of law." *Gamble v. Pac. NW Reg'l Council of Carpenters*, No. 2:14-cv-455RSM, 2015 WL 402782, at *2, *7 (W.D. Wash. Jan. 29, 2015) (citing *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1298 (9th Cir. 1998)).

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

## B. The Complaint Fails to Allege Sufficient Facts Under Rule 8(a)

Although Rule 8 does not impose a strict pleading standard on plaintiffs, a complaint must meet certain minimum thresholds of fair notice. The Complaint here fails to meet Rule 8's minimum standards because it contains only "labels and conclusions" that are entirely "devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. Dr. Beuca claims to hold "sincerely held religious beliefs" that prevent him from getting the COVID-19 vaccine, Compl. ¶¶ 1, 27, 35, but the Complaint lacks any description of what these beliefs are or how they preclude vaccination against COVID-19. Dr. Beuca also alleges that he "apprised [WSU] of his . . . belief," *id.* ¶ 35, but without any further factual enhancement indicating how, when, or to whom he did so. *See also id.* ¶ 29 (alleging, in equally boilerplate fashion, that "WSU was put on notice of the Plaintiff's beliefs"). These bare allegations are simply generic recitations of the elements of an employment discrimination claim.

The Complaint further makes the conclusory allegation that "WSU failed to hold an interactive and engaging analysis of [Dr. Beuca's] job" before denying his request. Compl. ¶ 29. Again, however, the Complaint contains no factual allegations concerning the nature and duties of Dr. Beuca's role as a medical resident, how WSU could have accommodated him without experiencing an undue hardship, or what the process for reviewing his exemption request involved. The Complaint also alleges no facts indicating when Dr. Beuca's exemption request was denied or who communicated this denial to Dr. Beuca and how. Rather, the Complaint contains only "naked assertions" that consist simply of "labels and conclusions." *Iqbal*, 556 U.S. at 678. The Supreme Court has made clear that these are insufficient to meet

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Rule 8(a)'s pleading standard. For that reason, the Complaint must at minimum be dismissed without prejudice.

### C. The Complaint Fails to State Title VII and WLAD Claims

Even if Dr. Beuca were able to cure the Complaint's pleading deficiencies, it would still fail to state a plausible claim for relief under Title VII or the WLAD. Federal Rule of Civil Procedure 12(b)(6) requires that a pleading "do more than allege a plaintiff's entitlement to relief," it must "show such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (cleaned up). To state a Title VII religious discrimination claim on a failure-to-accommodate theory, "a plaintiff must plausibly allege that '(1) he had a bona fide religious belief, the practice of which conflicts with an employment duty; (2) he informed his employer of the belief and conflict; and (3) the employer . . . subjected him to an adverse employment action because of his inability to fulfill the job requirement.'" *Grubbs v. Arizona*, No. CV-20-02369-PHX-DJH, 2021 WL 4552419, at *4 (D. Ariz. Oct. 5, 2021) (quoting *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 606 (9th Cir. 2004)). As Dr. Beuca acknowledges, the WLAD "is modeled after Title VII" and "the analysis for religious discrimination claims under both statutes is identical" for failure-to-accommodate claims. Compl. ¶ 41; *see also Kumar v. Gate Gourmet, Inc.*, 325 P.3d 193, 203 (Wash. 2014); *Black v. Grant Cnty. Pub. Util. Dist.*, No. 2:17-CV-365-RMP, 2019 WL 2617236, at *7 (E.D. Wash. June 26, 2019), *aff'd in part and rev'd in part on other grounds*, 820 F. App'x 547 (9th Cir. 2020). Under that standard, Dr. Beuca cannot state a claim entitling him to relief consistent with the facts alleged in the Complaint.

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

### 1. Dr. Beuca fails to identify his religious beliefs

The only references in the Complaint to Dr. Beuca's religious beliefs are multiple statements vaguely alleging, without further elaboration, that Dr. Beuca holds "sincere religious beliefs" that prevent him from taking the COVID-19 vaccine. Compl. ¶¶ 1, 27, 35. These generalized statements cannot be understood to plausibly allege that Dr. Beuca had a "bona fide" religious belief that conflicted with the Proclamation's requirement that he be vaccinated against COVID-19.

At no point does Dr. Beuca allege *what* his beliefs are, *how* those beliefs are linked to his religion, or *why* those beliefs precluded him from being vaccinated. These omissions are fatal to his Title VII and WLAD claims. *See, e.g.*, *Turner v. Ass'n of Apt. Owners of Wailea Point Vill.*, 739 F. App'x 874, 877 (9th Cir. 2018) (affirming grant of summary judgment on Title VII claim because plaintiff could not establish actual conflict between religious belief and work requirement); *Pedreira v. Ky. Baptist Homes for Child., Inc.*, 579 F.3d 722, 728 (6th Cir. 2009) (affirming dismissal where plaintiff had "not alleged any particulars about her religion that would even allow an inference that she was discriminated against on account of her religion"); *Leake v. Raytheon Techs. Corp.*, No. CV-22-00436-TUC-RM, 2023 WL 2242857, at *5 (D. Ariz. Feb. 27, 2023) (dismissing Title VII challenge to COVID-19 vaccination policy where "Plaintiffs never alleged they were members of any protected class, or what their religious beliefs were"); *Addison v. Amazon.com, Inc.*, No. CV 22-01071 (FLW), 2022 WL 2816946, at *5 (D.N.J. July 19, 2022) (dismissing Title VII claim because "Plaintiff fails to provide any additional information about the nature of her beliefs, and therefore, she cannot establish that she held sincere religious beliefs."). As a practical matter, WSU and this Court

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

cannot address the sincerity of Dr. Beuca's claimed religious beliefs if he does not disclose them in his initial pleading; otherwise, they could become a "moving target" throughout litigation. *See Love v. N.J. Dep't of Corr.*, No. CIV.A. 10-1714 (GEB), 2011 WL 345964, at *12 (D.N.J. Jan. 31, 2011) (expressing difficulty in determining sincerity of plaintiff's "unique religious beliefs" that kept evolving such that the court could not discern them "with any degree of certainty [or] predict with any reasonable approximation").

Dr. Beuca has failed to plausibly plead the first (and most basic) element of a failure-to-accommodate claim—a *religious belief* that conflicts with a job requirement. This alone requires dismissal of his Title VII and WLAD claims.

### 2.  Dr. Beuca does not allege how he informed WSU of his beliefs

The only allegations in the Complaint that relate in any way to Dr. Beuca's informing WSU of his religious beliefs are that he submitted a "request for an exemption," Compl. ¶ 28, that WSU "was placed on notice of his request," Compl. ¶ 29, and that he "apprised [WSU] of his . . . belief," Compl. ¶ 35. None of these statements comes close to providing the necessary factual detail to support a claim of religious discrimination under Title VII. For example, Dr. Beuca fails to allege whom at WSU he notified of his religious beliefs or when or how he did so. He also includes no allegations detailing the content of this notice. These negligible statements fail to provide "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see Marte v. Montefiore Med. Ctr.*, No. 22-CV-03491-CM, 2022 WL 7059182, at *4 (S.D.N.Y. Oct. 12, 2022) (finding that plaintiff had not adequately pled that she informed her employer of her religious beliefs where she

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

"[pled] only that she told her employer she did not want the vaccine and asked for 'a reasonable accommodation as defined by law.'"). "While specific facts are not necessary [to survive a 12(b)(6) motion], some facts are." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) (cleaned up).

As with Dr. Beuca's bare allegations regarding his religious beliefs, his failure to allege any facts related to how and when he made WSU aware of his religious beliefs cannot plausibly support his claim for religious discrimination under Title VII and the WLAD and the Complaint should therefore be dismissed.

### 3. The undue hardship defense defeats Dr. Beuca's claim

WSU denied Dr. Beuca's accommodation request because it found that an unvaccinated internal medicine physician could not continue in his position without undue hardship to the University. The "undue hardship" defense is a complete defense to a failure-to-accommodate claim. *See* 42 U.S.C. § 2000e(j); *Kumar*, 325 P.3d at 203. An accommodation causes "undue hardship" if it would "result[] in 'more than a *de minimis* cost' to the employer." *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 67 (1986) (quoting *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 84 (1977)); *accord Kumar*, 325 P.3d at 203.[7] This "could include additional costs in the form of lost efficiency" or "more than a de minimis impact on coworkers." *Balint v. Carson City*, 180 F.3d 1047, 1054 (9th Cir. 1999) (cleaned up).

Numerous federal courts have held that accommodating employees' religiously based opposition to COVID-19 vaccines would impose undue hardships

---

[7] The Supreme Court has accepted a case in which it has been asked to reconsider the *Hardison* standard. *See Groff v. DeJoy*, 143 S. Ct. 646 (2023) (granting cert).

WSU'S MOTION TO DISMISS - 12
Case No. 2:23-CV-00069-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

on employers in the healthcare sector. *See, e.g.*, *Mills*, 16 F.4th at 36 (denying preliminary injunction because accommodating healthcare workers by allowing them to remain unvaccinated against COVID-19 would cause employer to suffer undue hardship); *We the Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 292, *opinion clarified*, 17 F.4th 368 (2d Cir. 2021) (per curiam) (same). At the time WSU denied Dr. Beuca's accommodation request, unvaccinated people were five times more likely to contract COVID-19—and ten times more likely to die from it—than those who were fully vaccinated. *Supra* Section II.B. Allowing a primary care provider to remain unvaccinated would have increased the risk of exposing others with whom he came into close contact—including patients and other healthcare workers— to the virus, "which is obviously a significant hardship." *Does 1-2 v. Hochul*, --- F. Supp. 3d ----, No. 21-CV-5067 (AMD) (TAM), 2022 WL 4637843, at *16 (E.D.N.Y. Sept. 30, 2022) (dismissing Title VII claim with prejudice because accommodating plaintiff's religious beliefs opposing COVID-19 vaccination would pose undue hardship); *see also D'Cunha v. Northwell Health Sys.*, No. 1:22-CV-0988 (MKV), 2023 WL 2266520, at *3 (S.D.N.Y. Feb. 28, 2023) (same); *Kane v. de Blasio*, --- F. Supp. 3d ----, No. 21 CIV. 7863 (NRB), 2022 WL 3701183, at *13 (S.D.N.Y. Aug. 26, 2022) (same); *Lowe v. Mills*, No. 1:21-CV-00242-JDL, 2022 WL 3542187, at *9–10 (D. Me. Aug. 18, 2022) (same).

For those reasons, Dr. Beuca's Title VII and WLAD claims fail as a matter of law under the undue hardship defense, and the Court should dismiss the claims with prejudice.

## IV.    CONCLUSION

For the reasons above, WSU asks the Court to dismiss the Complaint with

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1  prejudice under the undue hardship defense. Alternatively, the Court should dismiss

2  the Complaint without prejudice for failure to satisfy the pleading requirements of

3  Rule 8(a)(2) and failure to allege facts to plausibly state Title VII and WLAD claims

4  under Rule 12(b)(6).

5          DATED this 22nd day of March, 2023.

6

7                                    s/  Zachary J. Pekelis
                                     ZACHARY J. PEKELIS, WSBA #44557
8                                    Special Assistant Attorney General
                                     PACIFICA LAW GROUP LLP
9                                    1191 2nd Avenue, Suite 2000
                                     Seattle, WA  98101-3404
10                                   (206) 245-1700
                                     Zach.Pekelis@PacificaLawGroup.com
11

12                                   *Attorney for Defendant*
                                     *Washington State University*
13

14

15

16

17

18

19

20

21

22

23

24

WSU'S MOTION TO DISMISS - 14                        PACIFICA LAW GROUP  LLP
Case No. 2:23-CV-00069-TOR                              1191 SECOND AVENUE
                                                             SUITE 2000
                                                  SEATTLE, WASHINGTON  98101-3404
                                                    TELEPHONE: (206) 245-1700
                                                    FACSIMILE: (206) 245-1750

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on March 22, 2023, I electronically filed the foregoing

3

with the Clerk of the Court using the CM/ECF System, which in turn automatically

4

generated a Notice of Electronic Filing (NEF) to all parties in the case who are

5

registered users of the CM/ECF system. The NEF for the foregoing specifically

6

identifies recipients of electronic notice.

7

I hereby certify that I have mailed by United States Postal Service and emailed

8

the document to the following non-CM/ECF participants:

9

10

Harold H. Franklin, Jr., WSBA #20486
Tracy Tribbett, WSBA #35922
Pacific Justice Institute
459 Seneca Avenue NW
Renton, WA 98057
hfranklin@pji.org

11

12

13

*Counsel for Plaintiff*

14

I declare under penalty of perjury under the laws of the State of Washington

15

and the United States of America that the foregoing is true and correct.

16

17

DATED this 22nd day of March, 2023.

18

19

20

_____
Erica Knerr

21

22

23

24

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750