**Honorable Thomas O. Rice**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TIMOTHY BEUCA,<br>                    Plaintiff,<br><br>         vs.<br><br>WASHINGTON STATE UNIVERSITY and<br>JOHN and Jane Does 1-10 Defendants. | Civil Case No. 2:23-CV-00069-TOR<br><br><br>PLAINTIFF'S  RESPONSE IN<br>OPPOSITION TO DEFENDANTS'<br>MOTION TO DISMISS |

I.     <u>Standards For Motions to Dismiss Under Fed. R. Civ. P. 12(b)(6).</u>

Motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) are generally disfavored.  <u>Lindsey v. Admiral Inc. Co.</u>, 804 F. Supp. 47, 50 (N.D. Cal. 1992).  The Court accepts as true all well-pleaded facts

1

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS**

in the complaint and construe them in the light most favorable to the nonmoving party. <u>Linsay supra</u>, <u>Watson v. Weeks</u>, 436 F.3d 1152, 1157 (9th Cir. 2006) (citations omitted). In addition, a claim should be dismissed only if it appears beyond doubt that the plaintiff can establish no set of facts under which relief could be granted. <u>Pacheco v. United States</u>, 220 F.3d 1126, 1129 (9th Cir.2000)." <u>Watson v. Weeks</u>, 436 F.3d 1152 (9th Cir. 2006).

The question presented by the motion to dismiss is not whether the plaintiff will prevail in the action, but whether plaintiff is entitled to offer evidence in support of his or her claim. <u>Lindsey</u>, at 51, See also <u>Scheuer v. Rhodes</u>, 416 U.S 232, 235, 94 S.Ct. 1683, 1686, 40 L.Ed. 2d 90 (1974). In answering this question, the Court must assume that plaintiff's allegations are true and must draw all reasonable inferences in plaintiff's favor. <u>Lindsey</u>, at 51, <u>Usher v. City of Los Angeles</u>, 828 F.2d 556, 561 (9th Cir. 1987). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

II.    <u>A Motion to Dismiss Under Fed. R. Civ. P.12(b)(6) is Restricted to The Pleadings in the Case.</u>

As set forth in Fed R. Civ. P 12(d):

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).

In their motion to dismiss, the Defendants have asked the following:

> WSU asks the Court to take judicial notice of the gorvermental records and data cited herein--includinging from the U.S. Food and Drug Administation (FDA), the U.S. Centers for Disease Control and Prevention (CDC) and the Washington State Depament of Health (DOH).

2

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS**

Defendants' Motion to Dismiss at 2.  The Defendants also introduce a claim never stated in the Plaintiff's complaint and that is the undue hardship defense.  The Defendants argue in their motion that the Plaintiff's accommdation request was denied under the undue hardship defense and they state that the undue hardship defense is a complete defense to a failure to accomodate claim.  See Defendants' motion to Dismiss at 12.  The Planitff made no mention of the undue hardship defense and the Defendants have not filed an answer in this case.  By requesting this Court to take judicial notice of items outside the pleadings and by setting forth the defense of undue hardship, the Defendants have converted this motion to a motion for summary judgment and therefore their motion to dismiss under Fed.R. Civ. P. 12(b)(6) must be denied.

III.    The Plaintiff Complaint meets the requirement of Fed. R. Civ. P. 8.

Federal Rule of Civil Procedure 8 states the three things that Complaint has to include, they are:

> (a) CLAIM FOR RELIEF. A pleading that states a claim for relief must contain:
>
> > (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> >
> > (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> >
> > (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)-(3).

The Plaintiff's claim meets all these requirements.  The Defendants are not disputing points one and three of Fed R. Civ. P. 8(a) only point two.  To establish a religious discrimination on the basis of a

3

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS**

failure-to-accommodate theory, the plaintiff must first set forth a prima facie case that: (1) he had a bona fide religious belief, the practice of which conflicts with an employment duty; (2) he informed his employer of the belief and conflict; and (3) the employer discharged, threatened, or otherwise subjected him to an adverse employment action because of his inability to fulfill the job requirement. Peterson v. Hewlett-Packard Co., 358 F.3d 599, 606 (9th Cir. 2004) (quoting Heller v. EBB Auto. Co., 8 F.3d 1433, 1438 (9th Cir.1993)).

The Plaintiff states in his complaint as follows:

> 27. Plaintiff holds sincere religious beliefs and convictions that prevent him from taking the CV-19 vaccination.  His beliefs are sincere.
> 28. Upon submission of his request for an exemption, the plaintiff was granted an exemption from receiving the vaccination by Providence but not the Defendant, WSU.   In addition, WSU also encouraged Providence not to grant his religious exemption and Providence withdrew their grant of the Plaintiff's religious exemption.  While Providence acknowledged the Plaintiff's sincerely held religious beliefs, WSU questioned the Plaintiff's sincerely held religious beliefs, which is a violation of law.
> 29. Once WSU was placed on notice of the Plaintiff's beliefs, the law requires a meaningful analysis of the employee's job and the requested accommodation and a reasonable attempt to accommodate. WSU failed to hold an interactive and engaging analysis of the job prior to denying the Plaintiff's requested accommodation.
> 30. WSU failed to grant Plaintiff's religious exemption and failed to reasonably accommodate the Plaintiff.
> 31. As a result of the denial of the request for a religious exemption and a reasonable accommodation under Title VII and WLAD, the Plaintiff has been terminated from his employment.  This constitutes an adverse employment action, and comes on the heels of the Plaintiff asserting his protected rights as a member of a protected class.

Plaintiff's complaint at 4-5 (paragraphs 27-31). The statements set forth in the Plaintiff's complaint, meet the prima facie requirements set forth in Peterson, supra.  He alleges that he, (1) holds sincere religious beliefs and convictions that prevent him from taking the CV-19 vaccination, which conflicted with an employment duty imposed by the the Defendants;  (2) he informed his employer of the belief and conflict; and (3) the employer discharged him because of his inability to fulfill the job requirement. Thus, there are s u f f i c i e n t  f a c t u a l  s t a t e m e n t  s e t  f o r t h  i n  t h e  P l a i n t i f f ' s c o m p l a i n t  t h a t  s a t i s f y  t h e  s h o r t  and plain statement of the claim r e q u i r e m e n t

4

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS**

showing that the plaintiff is entitled to relief, as set forth in Fed. R. Civ. P 8(a) and therefore the Defendants' motion to dismiss must be denied beause the Plaintiff's complaint meets the requirements of the federal rules.

IV.      Plaintiff informed the Defendants of his Sincerely held religious beliefs by submitting a Request for a religious exemption and asking for an accommodation.

The Defendants claim that the Plainitff did not allege how he informed them of his beliefs. This is clearly incorrect. In the Plaintiff's complaint it states that, "The Plaintiff applied for a religious exemption from the vaccine due to his sincerely held religious beliefs." See Plaintiff's complaint at 1 (paragraph 1). The complaint also states, "Plaintiff Timothy P. Beuca submitted a request for a religious exemption that was initial granted by Providence but later withdrawn at the request of the Defendant." (sic). See Plaintiff's complaint at 3 (paragraph 9). Also paragraph 28 of the complaint reads, "Upon submission of his request for an exemption, the plaintiff was granted an exemption from receiving the vaccination by Providence but not the Defendant, WSU.  In addition, WSU also encouraged Providence not to grant his religious exemption and Providence withdrew their grant of the Plaintiff's religious exemption. While Providence acknowledged the Plaintiff's sincerely held religious beliefs, WSU questioned the Plaintiff's sincerely held religious beliefs, which is a violation of law." See Complaint at 4.

Therefore it is set forth three times in the Plaintiff's complaintif that the Plaintiff informed the Defendants of his sincerly held religious beliefs by submitting a request for a religious exemption.

V.      Plaintiff is not Required to Identify his Religious belief in the Pleadings.

As set forth above to survive a motion to dismiss in a religious accommodation action, a Plainitff needs to show that, (1) he had a bona fide religious belief, the practice of which conflicts with an employment duty; (2) he informed his employer of the belief and conflict; and (3) the employer

5

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS**

discharged, threatened, or otherwise subjected him to an adverse employment action because of his inability to fulfill the job requirement.  Peterson, supra.  The Defendants claim that the Plaintiff did not identify his religious beliefs.  However, the Supreme Court has stated that, "the broad definition of religious beliefs applies to all religious beliefs that are sincerely held: In such an intensely personal area, of course, the claim of the registrant that his belief is an essential part of a religious faith must be given great weight.... The validity of what he believes cannot be questioned. Some theologians, and indeed some examiners, might be tempted to question the existence of the registrant's 'Supreme Being' or the truth of his concepts. But these inquiries are foreclosed to Government."  United States v. Seeger, 380 U.S. 163, 184, 85 S.Ct. 850 13 L.Ed 733 (1965).   Therefore, under this analysis, the Plaintiff does not have to identify his religious beliefs to avoid dismissal under rule 12(b)(6) and the claim that the Defendants make that the Plaintiff has to identify his religious beliefs in the pleadings is without merit.

Dated this 7 day of May, 2023.

Pacific Justice Institute

/s/Tracy Tribbett
Tracy Tribbett
WSBA No. 35922

/s Harold Franklin
Harold Franklin, Application Pending, lead counsel
WSBA No.

Attorney for the Plaintiff

6

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION**