ZACHARY J. PEKELIS, WSBA #44557
Special Assistant Attorney General
PACIFICA LAW GROUP LLP
1191 2nd Avenue, Suite 2000
Seattle, WA 98101-3404
(206) 245-1700

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TIMOTHY P. BEUCA,<br><br>              Plaintiff,<br><br>v.<br><br>WASHINGTON STATE UNIVERSITY and JOHN and JANE 1-10,<br><br>              Defendants. | NO. 2:23-CV-00069-TOR<br><br>WASHINGTON STATE UNIVERSITY'S<br>REPLY IN SUPPORT OF MOTION TO DISMISS<br><br>May 11, 2023<br>Without Oral Argument |

WSU'S REPLY IN SUPPORT OF MOTION TO DISMISS
Case No. 2:23-CV-00069-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................ 1

II.  ARGUMENT ...................................................................................................... 1

    A.  Dr. Beuca Fails to State a Title VII or WLAD Claim ......................... 1

        1.   Dr. Beuca fails to identify his religious beliefs ......................... 2

        2.   Dr. Beuca fails to allege how he informed WSU of his religious beliefs ............................................................................ 3

    B.  The Claims Should be Resolved on the Motion to Dismiss ............... 4

III. CONCLUSION ................................................................................................. 6

WSU'S REPLY IN SUPPORT OF MOTION TO
DISMISS - i
Case No. 2:23-CV-00069-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

# TABLE OF AUTHORITIES

**Federal Cases**

*Astoria Fed. Sav. & Loan Assn v. Solimino*,
   501 U.S. 104 (1991) ................................................................................... 5

*Does 1-2 v. Hochul*,
   No. 21-CV-5067 (AMD) (TAM), 2022 WL 4637843
   (E.D.N.Y. Sept. 30, 2022) ......................................................................... 5

*Kottle v. Nw. Kidney Ctrs.*,
   146 F.3d 1056 (9th Cir. 1998) ................................................................... 4

*Lowe v. Mills*,
   No. 1:21-CV-00242-JDL, 2022 WL 3542187 (D. Me. Aug. 18, 2022) ............... 5

*Mack v. S. Bay Beer Distrib., Inc.*,
   798 F.2d 1279 (9th Cir. 1986) ................................................................... 4

*Pedreira v. Ky. Baptist Homes for Child., Inc.*,
   579 F.3d 722 (6th Cir. 2009) ..................................................................... 2

*Peterson v. Hewlett-Packard Co.*,
   358 F.3d 599 (9th Cir. 2004) ..................................................................... 2

*Slocum v. Devezin*,
   948 F. Supp. 2d 661 (E.D. La. 2013) ......................................................... 6

*Thomas v. Walt Disney Co.*,
   337 F. App'x 694 (9th Cir. 2009) ............................................................... 5

*U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*,
   931 F.3d 966 (9th Cir. 2019) ..................................................................... 5

*United States v. Seeger*, 380 U.S. 163 (1965) ................................................ 3

**Federal Rules**

Rule 12(b)(6) .................................................................................................. 6

Rule 8(a)(2) .................................................................................................... 6

WSU'S REPLY IN SUPPORT OF MOTION TO
DISMISS - ii
Case No. 2:23-CV-00069-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

## I.   INTRODUCTION

In Dr. Beuca's Response in Opposition to WSU's Motion to Dismiss (Response), ECF No. 3, Dr. Beuca restates the conclusory allegations in his Complaint without any support showing how these statements, which simply state the elements of his claims, are legally sufficient to survive a motion to dismiss. *See* Resp. at 4–5. Both the Title VII (Count I) and WLAD (Count II) claims for religious discrimination fail because Dr. Beuca has not pled any facts indicating what his religious beliefs are, how these beliefs precluded him from being vaccinated against COVID-19, or to whom, when, and how he communicated them to WSU. There are no facts in the Complaint that can support the conclusion that Dr. Beuca was discharged from WSU on the basis of his religious beliefs. The bare allegations in the Complaint fail to meet the pleading standard requiring a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The claims also fail to state a claim as a matter of law under Federal Rule of Procedure 12(b)(6). The Response does not establish otherwise.

## II.   ARGUMENT

### A. Dr. Beuca Fails to State a Title VII or WLAD Claim

In the Motion, WSU explained that Dr. Beuca has failed to state a claim upon which relief can be granted because, in part, the Complaint fails to identify what Dr. Beuca's religious beliefs are or how he informed WSU of those religious beliefs. In response, Dr. Beuca points to no allegations in the Complaint that address the deficiencies WSU identified. Nor does he cite any case law supporting his contention that simply restating the elements of a prima facie claim are sufficient to survive a

WSU'S REPLY IN SUPPORT OF MOTION TO DISMISS - 1
Case No. 2:23-CV-00069-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

motion to dismiss. *See* Resp. at 3–5. As explained in the Motion, the law is directly the opposite. *See* Mot. at 10–11. Dr. Beuca fails to state his Title VII and WLAD claims and the Complaint should be dismissed.

### 1. Dr. Beuca fails to identify his religious beliefs

Dr. Beuca argues in conclusory fashion that the Complaint plausibly states Title VII and WLAD claims simply by alleging that he "holds sincere religious beliefs and convictions that prevent him from taking the [COVID-19] vaccination." Resp. at 4; Compl. ¶ 27. However, extensive case law cited in WSU's Motion makes clear that these vague and general statements in the Complaint cannot survive a motion to dismiss because they fail to identify what Dr. Beuca's religious beliefs actually are. Mot. at 10–11 (collecting cases). Dr. Beuca's Response fails to address or rebut any of these cases.

To plausibly allege "a bona fide religious belief," a plaintiff must offer more than "conclusory allegations . . . with no concrete, relevant particulars." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603, 606 (9th Cir. 2004). Thus, Dr. Beuca must do more than allege that he "holds sincere religious beliefs." Resp. at 4. Instead, he must identify what his particular beliefs *are* so as to plausibly establish that they are of a religious nature. *See, e.g.*, *Pedreira v. Ky. Baptist Homes for Child., Inc.*, 579 F.3d 722, 728 (6th Cir. 2009) (affirming dismissal where plaintiff had "not alleged any particulars about her religion that would even allow an inference that she was discriminated against on account of her religion"). The Complaint is devoid of any facts identifying Dr. Beuca's religious beliefs, simply stating in conclusory fashion that his beliefs are "sincere." Compl. ¶ 27. This is insufficient as a matter of law.

WSU'S REPLY IN SUPPORT OF MOTION TO
DISMISS - 2
Case No. 2:23-CV-00069-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

In support of Dr. Beuca's incorrect contention that he "does not have to identify his religious beliefs to avoid dismissal" he cites a wholly irrelevant case that does not address a Title VII or WLAD claim, does not consider an allegation of religious discrimination, does not address the sufficiency of a pleading, and does not remotely stand for the proposition Dr. Beuca asserts. *See* Resp. at 6; *United States v. Seeger*, 380 U.S. 163, 164–65 (1965). In *United States v. Seeger*, the Court analyzed the language of a statute relating to exemption of conscientious objectors from military service in determining whether convictions should be sustained or overturned. 380 U.S. at 164–65. *Seeger* does not even consider the sufficiency of any parties' pleading of religious beliefs, even in this wholly irrelevant context. *See id.* Rather, the Court analyzed the religious beliefs claimed by conscientious objectors to determine if they were sufficient under the language of the applicable statute to legally avoid military service. *See id.* at 186–88. A bona fide religious belief, the Supreme Court held, "is sincere and meaningful [and] occupies a place in the life of its possessor parallel to that filled by the orthodox belief in God." *Id.* at 165–166. Dr. Beuca obviously cannot meet this standard when his Complaint fails to identify his beliefs at all.

In sum, the Response fails to provide any relevant support for Dr. Beuca's assertion that he is not required to plead his religious beliefs in order to survive a motion to dismiss.

**2. Dr. Beuca fails to allege how he informed WSU of his religious beliefs**

Dr. Beuca's Response similarly fails to address the deficiencies in his Complaint regarding the dearth of factual allegations showing how Dr. Beuca

WSU'S REPLY IN SUPPORT OF MOTION TO
DISMISS - 3
Case No. 2:23-CV-00069-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

informed WSU of his religious beliefs. *See* Mot. at 11–12; Resp. at 5. Rather, Dr. Beuca's Response restates the conclusory allegations in the Complaint, which vaguely state that Dr. Beuca submitted a request for a religious exemption. *See* Resp. at 5. Dr. Beuca insists—again without citation to a single supporting case—that this is sufficient to survive a motion to dismiss. *See id.* As noted in WSU's Motion, however, Dr. Beuca fails to allege any facts identifying to whom at WSU he submitted his request, when he did so, or how he did so. Mot. at 11. The case law cited in the Motion indicates that more is required to survive a motion to dismiss and Dr. Beuca has failed to address or rebut any of these cited cases. *See id.*; Resp. at 5. Because Dr. Beuca has failed to properly plead his Title VII and WLAD claims, they should be dismissed.

### B. The Claims Should be Resolved on the Motion to Dismiss

Dr. Beuca incorrectly claims—again without any legal support—that by asking the Court to take judicial notice of governmental records and data and by asserting an affirmative defense of undue hardship, WSU has somehow converted its Motion into a motion for summary judgment. Resp. at 3. This assertion is contrary to the governing law.

It is well-established that courts may properly take judicial notice of public records outside of a complaint on a motion to dismiss without converting the motion to a motion for summary judgment. *Kottle v. Nw. Kidney Ctrs.*, 146 F.3d 1056, 1064 n.7 (9th Cir. 1998) ("records were properly the subject of judicial notice; therefore, reliance on them did not convert the motion to dismiss into a summary judgment motion"); *Mack v. S. Bay Beer Distrib., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986),

WSU'S REPLY IN SUPPORT OF MOTION TO
DISMISS - 4
Case No. 2:23-CV-00069-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

*abrogated on other grounds by Astoria Fed. Sav. & Loan Assn v. Solimino*, 501 U.S. 104 (1991) ("[O]n a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment."); *Thomas v. Walt Disney Co.*, 337 F. App'x 694, 695 (9th Cir. 2009) (same). Dr. Beuca does not provide any reason to ignore this straightforward principle. *See* Resp. at 2–3.

Additionally, Dr. Beuca asserts that, because the affirmative defense of undue hardship raised in WSU's Motion was "never stated in [Dr. Beuca's] complaint" the Motion must be converted into a motion for summary judgment. Resp. at 3. This argument makes little sense. Courts "can consider an affirmative defense on a motion to dismiss when there is some obvious bar to securing relief on the face of the complaint," as there is here. *U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 973 (9th Cir. 2019) (cleaned up). Thus, multiple courts, including those addressing challenges by healthcare workers to COVID-19 vaccine mandates, have dismissed Title VII religious discrimination claims based on the affirmative defense of undue hardship. *Does 1-2 v. Hochul*, No. 21-CV-5067 (AMD) (TAM), 2022 WL 4637843, at *1 (E.D.N.Y. Sept. 30, 2022) (dismissing Title VII claim by healthcare workers challenging a COVID-19 vaccine requirement where "exempting the plaintiffs from the vaccine requirement would expose vulnerable patients and nursing home residents, as well as other healthcare workers, to the COVID-19 virus, which is obviously a significant hardship"); *Lowe v. Mills*, No. 1:21-CV-00242-JDL, 2022 WL 3542187, at *9 (D. Me. Aug. 18, 2022) (dismissing Title VII claim brought by healthcare workers challenging COVID-19 mandate

WSU'S REPLY IN SUPPORT OF MOTION TO
DISMISS - 5
Case No. 2:23-CV-00069-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

because there was "no doubt that the Plaintiffs' Title VII claims [were] barred by the affirmative defense of undue hardship"); *Slocum v. Devezin*, 948 F. Supp. 2d 661, 670 (E.D. La. 2013) (dismissing religious discrimination claim where "obliging [p]laintiff's request and accommodating her religious practices . . . would be an 'undue hardship'" on defendants). The Motion makes clear that accommodating Dr. Beuca, a primary care physician who worked with vulnerable patients, by allowing him to remain unvaccinated would cause an undue hardship to WSU. Mot. at 13. Based on this affirmative defense, Dr. Beuca's claim should be dismissed with prejudice.

### III. CONCLUSION

For the reasons above and in the Motion, WSU asks the Court to dismiss the Complaint with prejudice under the undue hardship defense. Alternatively, the Court should dismiss the Complaint without prejudice for failure to satisfy the pleading requirements of Rule 8(a)(2) and failure to allege facts to plausibly state Title VII and WLAD claims under Rule 12(b)(6).

DATED this 15th day of May, 2023.

*s/ Zachary J. Pekelis*
ZACHARY J. PEKELIS, WSBA #44557
Special Assistant Attorney General
PACIFICA LAW GROUP LLP
1191 2nd Avenue, Suite 2000
Seattle, WA 98101-3404
(206) 245-1700
Zach.Pekelis@PacificaLawGroup.com

*Attorney for Defendant*
*Washington State University*

WSU'S REPLY IN SUPPORT OF MOTION TO DISMISS - 6
Case No. 2:23-CV-00069-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

# CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

I hereby certify that I have mailed by United States Postal Service and emailed the document to the following non-CM/ECF participants:

> Harold H. Franklin, Jr., WSBA #20486
> Tracy Tribbett, WSBA #35922
> Pacific Justice Institute
> 459 Seneca Avenue NW
> Renton, WA 98057
> hfranklin@pji.org

*Counsel for Plaintiff*

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

DATED this 15th day of May, 2023.

_____
Erica Knerr

WSU'S REPLY IN SUPPORT OF MOTION TO DISMISS - 7
Case No. 2:23-CV-00069-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750