FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 19, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TIMOTHY P. BEUCA,<br><br>  Plaintiff,<br><br>v.<br><br>WASHINGTON STATE UNIVERSITY and JOHN and JANE 1-10,<br><br>  Defendants. | NO. 2:23-CV-0069-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant Washington State University's Motion to Dismiss. ECF No. 2. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's Motion to Dismiss (ECF No. 2) is GRANTED.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1

# BACKGROUND

This matter arises from Plaintiff's termination of employment from Defendant Washington State University following Plaintiff's decision not to receive a COVID-19 vaccine. The following facts are drawn from Plaintiff's Amended Complaint and construed in a light most favorable to Plaintiff. *Schwarz v. United States*, 234 F.3d 428, 436 (9th Cir. 2000).

On or about August 9, 2021, Governor Inslee issued Proclamation 21-14, mandating that certain state employees become vaccinated against COVID-19. ECF No. 1-5 at 5, ¶ 23. At that time, Plaintiff was employed by Defendant as a medical student doing his residency with Providence Regional Medical Center ("Providence"). *Id*. at 2, ¶ 1. As a state employer, Defendant was required to comply with the Proclamation by ensuring its employees were vaccinated. *Id*. at 4, ¶ 10. The Proclamation allowed for religious exemptions as permitted under Title VII, 42 U.S.C. § 2000e. *Id*. at 5, ¶ 25. Plaintiff has sincerely held religious beliefs that prevent him from taking a COVID-19 vaccine. *Id*., ¶ 27. Accordingly, Plaintiff submitted a religious exemption request, although it is unclear to whom the request was submitted. *See id*., ¶ 28. Plaintiff was granted an exemption by Providence but not by Defendant. *Id*. Sometime thereafter, Plaintiff's employment with Defendant was terminated; it is unclear when. *Id*. at 6, ¶ 31.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 2

Plaintiff filed a complaint with the Equal Employment Opportunity Commission and received a right to sue letter on September 5, 2022. *Id.*, ¶ 32. Plaintiff filed a Complaint for damages in the Superior Court of Whitman County on December 2, 2022, alleging a single cause of action for failure to accommodate in violation of Title VII, 42 U.S.C. § 2000e. ECF No. 1-3. On February 22, 2023, Plaintiff filed an Amended Complaint, adding a cause of action for failure to accommodate in violation of the Washington Law Against Discrimination ("WLAD"), RCW 49.60.180. ECF No. 1-5. Defendant removed the action to federal court on March 15, 2023. ECF No. 1. Plaintiff did not oppose the removal. Defendant filed the present motion on March 22, 2023, seeking dismissal of the two counts asserted against it. ECF No. 2.

## DISCUSSION

**A. Motion to Dismiss**

Defendant moves to dismiss Plaintiff's Amended Complaint on the grounds that Plaintiff has failed to state plausible claims for relief under Title VII and the WLAD and because Plaintiff's requested accommodation would have created an undue hardship. ECF No. 2 at 15.

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." "The burden of demonstrating that no claim has been stated is upon the

movant." *Glanville v. McDonnell Douglas Corp.*, 845 F.2d 1029 (9th Cir. 1988). A motion to dismiss for failure to state a claim will be denied if the plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

While the plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" the plaintiff cannot rely on "conclusory allegations of law and unwarranted inferences to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted). That is, the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. When deciding, the Court's review is limited to the complaint, documents incorporated into the complaint, and judicial notice. *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

To state a claim for failure to accommodate under Title VII and the WLAD, a plaintiff must allege (1) he had a bona fide religious belief, the practice of which conflicts with an employment duty; (2) he informed his employer of the belief and conflict; and (3) the employer discharged him because of his inability to fulfill the

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 4

job requirement. *Peterson v. Hewlett–Packard Co.,* 358 F.3d 599, 606 (9th Cir. 2004); *Kumar v. Gate Gourmet Inc.*, 180 Wash. 2d 481, 500–01 (2014).

As to the first element, Plaintiff asserts he "holds sincere religious beliefs and convictions that prevent him from taking the [COVID-19] vaccination." ECF No. 1-5 at 5, ¶ 26. He does not provide any additional details about his beliefs. Defendant argues the failure to articulate his particular religious beliefs and why they preclude him from receiving a vaccine are fatal to Plaintiff's claims. ECF No. 2 at 16. While a court need not accept at face value a plaintiff's conclusory assertions of violations of religious beliefs, "the burden to allege a conflict with religious beliefs is fairly minimal." *Bolden-Hardge v. Off. of California State Controller,* 63 F.4th 1215, 1223 (9th Cir. 2023). Additionally, both the Ninth Circuit and the Supreme Court have cautioned against second-guessing the reasonableness of an individual's asserted religious beliefs. *Id.*; *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 725 (2014) (citation omitted). The Court declines to scrutinize Plaintiff's particular beliefs merely because he has failed to articulate them with greater clarity and precision. *See Thomas v. Rev. Bd. of Indiana Emp. Sec. Div.*, 450 U.S. 707, 715 (1981). In any event, Plaintiff's claims fail for additional reasons unrelated to any particular set of religious beliefs.

As to the second element, Plaintiff asserts, "[u]pon submission of his request for an exemption, the plaintiff was granted an exemption from receiving the

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 5

vaccination by Providence but not from the Defendant, WSU." ECF No. 1-5 at 5, ¶ 28.  It is not clear from this assertion whether Plaintiff submitted an exemption request to Defendant.  Plaintiff further alleges he "apprised the Defendants of his sincerely held religious belief" but does not elaborate as to how he informed Defendants.  *Id*. at 6, ¶ 34–35.  Defendant argues these vague statements fail to provide the Court with sufficient facts from which it could infer Defendant could be liable for the alleged misconduct.  ECF No. 2 at 17.  The Court agrees.  Plaintiff's Response does not provide any clarification.  *See generally*, ECF No. 3.  Instead, Plaintiff simply quotes verbatim the relevant paragraphs from the Amended Complaint.  Notably, Plaintiff does not seek leave to amend to clarify his factual assertions or causes of action.

Finally, Plaintiff claims he "lost this job due to his sincerely held religious beliefs." ECF No. 1-5 at 6, ¶ 36.  However, Plaintiff does not provide any additional facts connecting his discharge to his religious beliefs.  Such conclusory allegations are insufficient to meet the pleading requirements of Rule 8.  *See Twombly*, 550 U.S. at 555.

Although Plaintiff has failed to plead the elements of a prima facie case for a failure to accommodate claim, the Court will consider Defendant's claim of undue hardship to determine whether Plaintiff should be granted leave to amend.  Undue hardship is an affirmative defense.  *Bolden-Hardge*, 63 F.4th at 1224.  "What

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 6

constitutes an undue hardship must be determined within the particular factual context of each case." *Balint v. Carson City, Nev.*, 180 F.3d 1047, 1054 (9th Cir. 1999). An accommodation may result in an undue hardship if there is "more than a de minimis cost to the employer . . . [or] more than a de minimis impact on coworkers." *Balint*, 180 F.3d at 1054. The assertion of an undue hardship may not be premised on hypothetical or speculative hardships; there must be actual imposition or disruption. *Tooley v. Martin-Marietta Corp.*, 648 F.2d 1239, 1243 (9th Cir. 1981). Dismissal premised on undue hardship is proper "only if the defendant shows some obvious bar to securing relief on the face of the complaint or in any judicially noticeable materials." *Bolden-Hardge*, 63 F.4th at 1224 (citation and internal quotations omitted).

Plaintiff plead that he was a medical student doing his residency with Providence Regional Medical Center. Defendant asserts having unvaccinated internal medicine physicians would have imposed an undue hardship because it would have increased the risk of exposure to COVID-19 to patients and other healthcare workers. ECF No. 2 at 19. Other courts have determined unvaccinated healthcare workers impose an undue hardship on employers due to the increased risk of infection. *See, e.g.*, *Together Emps. v. Mass Gen. Brigham Inc.*, 573 F. Supp. 3d 412, 441 (D. Mass. 2021), *aff'd*, 32 F.4th 82 (1st Cir. 2022) (denying injunctive relief after determining that unvaccinated healthcare workers materially

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 7

increased the risk of spreading COVID-19); *Does 1-2 v. Hochul*, No. 21CV5067AMDTAM, 2022 WL 4637843, at *16 (E.D.N.Y. Sept. 30, 2022). The Court concludes Defendant's proffered reason for not accommodating Plaintiff's request is sufficient to establish an undue hardship, particularly given the increased risk of COVID-19 infection during the time of Plaintiff's termination.

Plaintiff contends this issue cannot be decided on a motion to dismiss. However, the facts, as plead by Plaintiff show that he was working in a hospital and would have increased the risk of exposure to COVID-19 to patients and other healthcare workers. No accommodation was possible.

In light of Defendant's successful assertion of an undue hardship, the Court further determines amendment would be futile. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (identifying factors courts should consider in assessing the propriety of leave to amend, including futility). The Court cannot conceive of any facts that would render Plaintiff's claims viable in the context of his employment setting. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988). Moreover, Plaintiff initiated this action in December 2022 and has amended the complaint once already. Plaintiff has had ample opportunity to identify any facts and causes of action that he could plausibly allege in this matter. Amendment would be futile and granting Plaintiff additional time to amend for a second time would create undue delay and prejudice to

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 8

Defendant. Therefore, the Court will not grant Plaintiff leave to amend.

### B. Unnamed Defendants

The Court must address the unidentified defendants that remain in the caption of this action. A plaintiff must name all intended defendants in the caption of his complaint or any superseding amended complaint. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir. 1992). Failing to name and serve all defendants in the complaint denies a court jurisdiction over the unnamed defendants. Fed. R. Civ. P. 4(m); *see e.g., Crowley v. Bannister,* 734 F.3d 967, 974–75 (9th Cir. 2013) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.") (internal quotation marks and citations omitted).

The use of "John or Jane Doe" to identify a defendant is not favored in the Ninth Circuit. *See Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980). However, a plaintiff may initially rely on the use of "John or Jane Doe" in his pleading when the identity of a party is unknown prior to filing a complaint but will eventually be made known through discovery. *Id.*

Here, Plaintiff named John and Jane 1–10 as defendants in the initial and Amended Complaint without providing any information as to what role they played in Plaintiff's claim. Absent any allegations against these unnamed parties, the Amended Complaint cannot survive the motion to dismiss.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 9

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant Washington State University's Motion to Dismiss (ECF No. 2) is **GRANTED**. The claims asserted against Washington State University are **DISMISSED with prejudice**.

2. The claims against the remaining unnamed John and Jane 1–10 defendants are **DISMISSED with prejudice** for failing to provide any information as to what role they played in Plaintiff's claim.

The District Court Executive is directed to enter this Order and Judgment of Dismissal with prejudice, furnish copies to counsel, and **CLOSE** the file.

DATED May 19, 2023.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 10