ZACHARY J. PEKELIS, WSBA #44557
Special Assistant Attorney General
PACIFICA LAW GROUP LLP
1191 2nd Avenue, Suite 2000
Seattle, WA 98101-3404
(206) 245-1700

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TIMOTHY P. BEUCA,<br><br>   Plaintiff,<br><br>v.<br><br>WASHINGTON STATE UNIVERSITY,<br><br>   Defendant. | NO. 2:23-CV-00069-TOR<br><br>DEFENDANT WASHINGTON STATE UNIVERSITY'S ANSWER TO SECOND AMENDED COMPLAINT |

# **GENERAL DENIAL**

Defendant Washington State University (WSU) hereby answers Plaintiff Timothy Beuca's Second Amended Complaint (SAC). Except as expressly admitted or qualified, WSU denies each and every allegation, statement, or charge in the SAC (whether contained in numbered paragraphs, unnumbered paragraphs, headings, or elsewhere), and denies that Dr. Beuca is entitled to any of the relief requested.

The first section of the SAC consists of two unnumbered paragraphs that contain a summary of the nature of this action and Dr. Beuca's allegations, as well

WSU'S ANSWER TO SECOND AMENDED COMPLAINT - 1
Case No. 2:23-CV-00069-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

as legal conclusions and argument, to which no response is required. To the extent a response is required, WSU denies all allegations in this section.

## I. INTRODUCTION

This section of the SAC consists of four unnumbered paragraphs that contain a summary of the nature of this action and Dr. Beuca's allegations, as well as legal conclusions and argument, to which no response is required. To the extent a response is required, WSU denies all allegations in this section.

## II. JURISDICTION AND VENUE

This section consists of eight unnumbered paragraphs. Each of these paragraphs consist of legal conclusions or argument to which no response is required. To the extent a response is required, WSU denies all of the allegations in this section.

## III. PARTIES

This section consists of two unnumbered paragraphs.

As to the first unnumbered paragraph, WSU admits that Dr. Beuca was previously employed by WSU as a resident in its Elson Floyd School of Medicine residency program. The second sentence of this paragraph contains legal conclusions and argument, to which no response is required. To the extent a response is required, WSU denies the allegations in the second sentence of this paragraph.

As to the second unnumbered paragraph in this section, WSU admits the first sentence of this paragraph. The second sentence of this paragraph contains legal conclusions and argument, to which no response is required. To the extent a response is required, WSU denies the allegations in the second sentence of this paragraph.

WSU'S ANSWER TO SECOND AMENDED
COMPLAINT - 2
Case No. 2:23-CV-00069-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

## IV.  FACTS

1. Admitted.

2. WSU admits that it has a campus in Pullman, and that the School of Medicine at WSU is located in Spokane. WSU further clarifies that the hospital where Dr. Beuca worked, Providence Regional Medical Center, is located in Everett. Except as expressly admitted, WSU denies any remaining allegations in Paragraph 2.

3. WSU admits that Dr. Beuca was a first year primary care resident employed by WSU in 2021. WSU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3, and therefore denies them.

4. WSU denies that medical residents are considered "in good standing" or not when they enter the residency program. WSU admits that, in 2021, Dr. Beuca was assigned to work at the Providence Regional Medical Center (Providence) in Everett. Except as expressly admitted above, any remaining allegations in Paragraph 4 are denied.

5. WSU admits that the COVID-19 pandemic, which was the deadliest pandemic in U.S. history, was ongoing throughout Dr. Beuca's residency. WSU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5, and therefore denies them.

6. WSU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and therefore denies them.

WSU'S ANSWER TO SECOND AMENDED
COMPLAINT - 3
Case No. 2:23-CV-00069-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

7. WSU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and therefore denies them.

8. WSU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies them.

9. WSU admits that, consistent with the ethical and responsible practice of medicine, physicians should assess the safety and efficacy of drugs and other medical products they prescribe based on valid and reliable scientific data and peer-reviewed published research, including from the U.S. Food and Drug Administration (FDA) and the U.S. Center for Disease Control and Prevention (CDC)—both of which determined that the COVID-19 vaccines were safe and effective. Except as expressly admitted above, WSU denies any remaining allegations in Paragraph 9.

10. WSU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies them.

11. WSU denies the allegations in the first two sentences of Paragraph 11. WSU is without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 11, and therefore denies them.

12. Denied.

13. WSU admits that Dr. Diaz gave a presentation to medical residents regarding the COVID-19 vaccines. Except as expressly admitted above, WSU denies the remaining allegations in Paragraph 13.

14. WSU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies them.

WSU'S ANSWER TO SECOND AMENDED
COMPLAINT - 4
Case No. 2:23-CV-00069-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

15. WSU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies them.

16. WSU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies them.

17. WSU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies them.

18. WSU admits that Proclamation 21-14.1 (Proclamation) was issued by Governor Inslee and required state employees and healthcare workers (as well as educational workers) to be vaccinated against COVID-19 or receive an approved accommodation by October 18, 2021. The remaining allegations in Paragraph 18 contain legal conclusions or argument, to which no response is required. To the extent a response is required, WSU denies the remaining allegations in Paragraph 18. WSU further states that the Proclamation speaks for itself. However, no exhibits were attached to the SAC, so WSU cannot respond regarding the accuracy of the cited exhibit.

19. WSU admits that it did not operate the Providence Regional Medical Center where Dr. Beuca worked as a medical resident. WSU is without knowledge or information sufficient to form a belief as to the truth of the allegations in the final sentence of Paragraph 19, and therefore denies them. The remaining allegations in Paragraph 19 constitute legal conclusions or argument, to which no response is required. To the extent a response is required, WSU denies the remaining allegations in Paragraph 19.

WSU'S ANSWER TO SECOND AMENDED COMPLAINT - 5
Case No. 2:23-CV-00069-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

20. WSU admits that, pursuant to the Proclamation, it created a Religious Exemption Request form for employees who expressed an intent to seek a religious exemption and accommodation. WSU further responds that the Religious Exemption Request form speaks for itself. However, no exhibits were attached to the SAC, so WSU cannot respond regarding the accuracy of the cited exhibit.

21. WSU admits that Dr. Beuca submitted a Religious Exemption Request form. WSU further responds that the Religious Exemption Request form speaks for itself. WSU denies that the Exemption Request form "stated that 'qualified applicants and employees would be provided reasonable accommodation." Instead, the Exemption Request form states: "Washington State University will provide reasonable accommodations to qualified applicants and employees with sincerely held religious beliefs, practice, or observance that conflict with job requirements, unless providing such accommodations would pose an undue hardship or fundamental alteration." Any remaining allegations in Paragraph 21 are denied.

22. WSU admits that Dr. Beuca's Religious Exemption Request form stated that he was a Pentecostal Christian. WSU further responds that the Religious Exemption Request form speaks for itself. However, no exhibits were attached to the SAC, so WSU cannot respond regarding the accuracy of the cited exhibit. WSU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22, and therefore denies them.

23. WSU admits that, on or around the first week of September in 2021, WSU personnel emailed WSU employees to provide instructions for requesting an

WSU'S ANSWER TO SECOND AMENDED
COMPLAINT - 6
Case No. 2:23-CV-00069-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

exemption and accommodation with respect to the COVID-19 vaccination requirement.

24.   WSU is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 24, and therefore denies them.

25.   WSU admits that Dr. Beuca completed his Religious Exemption Request form, which speaks for itself. WSU denies any remaining allegations in Paragraph 25.

26.   WSU responds that the Religious Exemption Request form he submitted to WSU speaks for itself. However, no exhibits were attached to the SAC, so WSU cannot respond regarding the accuracy of the cited exhibit. WSU denies any remaining allegations in Paragraph 26.

27.   Admitted.

28.   WSU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore denies them. WSU further responds that no exhibits were attached to the SAC, so WSU cannot respond regarding the accuracy of the cited exhibits.

29.   WSU responds that the Religious Exemption Request form speaks for itself. However, no exhibits were attached to the SAC, so WSU cannot respond regarding the accuracy of the cited exhibit.

30.   The allegations in Paragraph 30 are vague as they do not reference any time period. Therefore, WSU denies the allegations in Paragraph 30.

WSU'S ANSWER TO SECOND AMENDED
COMPLAINT - 7
Case No. 2:23-CV-00069-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

31. WSU admits that Dr. Beuca submitted his Religious Exemption Request form on or around September 9, 2021. WSU denies that Dr. Hansen "pulled Beuca aside" and told him that the Attorney General was reviewing his exemption request. WSU admits that, in a telephone call, Dr. Hansen informed Dr. Beuca that, if his exemption request were denied and he remained unvaccinated against COVID-19, his employment could be terminated, which could affect his career. Except as expressly admitted, any remaining allegations in Paragraph 31 are denied.

32. WSU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies them.

33. WSU is without knowledge or information sufficient to form a belief as to the truth of allegations regarding communications between Providence and Dr. Beuca, and therefore denies them. WSU admits that it informed Dr. Beuca via email that it would pose an undue hardship and/or a threat to himself and others to allow him to remain in his position while unvaccinated. However, WSU denies that it sent that denial email "three days prior" to October 18, 2021; the email was sent on October 18, 2021. That email speaks for itself. However, WSU notes that no exhibits were attached to the SAC, so WSU cannot respond regarding the accuracy of the cited exhibits. Any remaining allegations in Paragraph 33 are denied.

34. Denied.

35. Admitted, except that Paragraph 35 is missing close quotation marks after the word "observance."

WSU'S ANSWER TO SECOND AMENDED
COMPLAINT - 8
Case No. 2:23-CV-00069-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

36. WSU responds that the email referenced in Paragraph 36 speaks for itself. To the extent a further response is required, the allegations in Paragraph 36 are denied.

37. Admitted, except that Paragraph 37 is missing close quotation marks after the word "duties."

38. WSU responds that the email referenced in Paragraph 38 speaks for itself. To the extent a further response is required, the allegations in Paragraph 38 are denied.

39. WSU responds that the email referenced in Paragraph 39 speaks for itself. To the extent a further response is required, the allegations in Paragraph 39 are denied.

40. Admitted.

41. WSU responds that the email referenced in Paragraph 41 speaks for itself. To the extent a further response is required, the allegations in Paragraph 41 are denied.

42. Denied.

43. WSU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and therefore denies them. WSU further responds that communications from Providence Regional Medical Center to Dr. Beuca speak for themselves. However, WSU notes that no exhibits were attached to the SAC, so WSU cannot respond regarding the accuracy of the cited exhibit.

44. WSU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and therefore denies them.

WSU'S ANSWER TO SECOND AMENDED
COMPLAINT - 9
Case No. 2:23-CV-00069-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

45. WSU admits that Providence Regional Medical Center had separate exemption forms. WSU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45, and therefore denies them. WSU further responds that no exhibits were attached to the SAC, so WSU cannot respond regarding the accuracy of the cited exhibit.

46. WSU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and therefore denies them. The communication from Providence referenced in Paragraph 46 speaks for itself. However, WSU notes that that no exhibits were attached to the SAC, so WSU cannot respond regarding the accuracy of the cited exhibit. To the extent that Paragraph 46 contains any other allegations, inferences, or characterizations, those are denied.

47. WSU admits that, on November 2, 2021, Dean John Tomkowiak sent Dr. Beuca a letter separating Dr. Beuca from WSU employment because he was prohibited under the Proclamation from performing work for WSU. The letter speaks for itself. However, WSU notes that that no exhibits were attached to the SAC, so WSU cannot respond regarding the accuracy of the cited exhibit. To the extent that Paragraph 47 contains any other allegations, arguments, inferences, or characterizations, those are denied.

48. WSU admits that the letter from Dean Tomkowiak informed Dr. Beuca that he was being separated from WSU employment. The remaining allegations in Paragraph 48 consist of descriptive characterizations or argument to which no response is required. To the extent a further response is required, any remaining allegations in Paragraph 48 are denied.

WSU'S ANSWER TO SECOND AMENDED
COMPLAINT - 10
Case No. 2:23-CV-00069-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

49. WSU admits that the letter from Dean Tomkowiak informed Dr. Beuca that he had ten working days to appeal. However, WSU denies that the letter informed Dr. Beuca that an appeal could be made either orally or in writing: the letter states that "[t]he appeal must be in writing."

50. WSU responds that the letter from Dean Tomkowiak speaks for itself. The letter states that the appeal "must be received by Daryll B. DeWald, Vice President and Chancellor, WSU Health Sciences, Spokane," who "shall render a final decision within thirty (30) working days of receipt of the appeal." Any remaining allegations in Paragraph 50 are denied.

51. WSU admits that Dr. Beuca appealed the decision to terminate his employment for failure to comply with the Proclamation on November 8, 2021. WSU further responds that the appeal letter referenced in Paragraph 51 speaks for itself. However, WSU notes that that no exhibits were attached to the SAC, so WSU cannot respond regarding the accuracy of the cited exhibit. WSU denies any remaining allegations in Paragraph 51.

52. WSU responds that the appeal letter referenced in Paragraph 52 speaks for itself. WSU is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "Antibody Report" referenced in Paragraph 52, which was not attached as an exhibit to the SAC, which shall have the effect of a denial. WSU denies any remaining allegations in Paragraph 52.

53. WSU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and therefore denies them.

WSU'S ANSWER TO SECOND AMENDED
COMPLAINT - 11
Case No. 2:23-CV-00069-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

54. WSU responds that the appeal letter referenced in Paragraph 54 speaks for itself. However, no exhibits were attached to the SAC, so WSU cannot respond regarding the accuracy of the cited exhibit. To the extent that Paragraph 54 contains any other allegations, argument, inferences, or characterizations, those are denied.

55. WSU responds that the appeal letter referenced in Paragraph 55 speaks for itself. However, no exhibits were attached to the SAC, so WSU cannot respond regarding the accuracy of the cited exhibit. To the extent that Paragraph 55 contains any other allegations, argument, inferences, or characterizations, those are denied.

56. WSU admits that Chancellor Dewald denied Dr. Beuca's appeal in a letter dated November 30, 2021. The letter speaks for itself. However, no exhibits were attached to the SAC, so WSU cannot respond regarding the accuracy of the cited exhibit. To the extent that Paragraph 56 contains any other allegations, argument, inferences, or characterizations, those are denied.

57. WSU responds that Chancellor Dewald's letter of November 30, 2021, speaks for itself. However, no exhibits were attached to the SAC, so WSU cannot respond regarding the accuracy of the cited exhibit. To the extent that Paragraph 57 contains any other allegations, argument, inferences, or characterizations, those are denied.

58. Admitted.

59. WSU responds that Chancellor Dewald's letter of November 30, 2021, speaks for itself. However, no exhibits were attached to the SAC, so WSU cannot respond regarding the accuracy of the cited exhibit. To the extent that Paragraph 59

WSU'S ANSWER TO SECOND AMENDED
COMPLAINT - 12
Case No. 2:23-CV-00069-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

contains any other allegations, argument, inferences, or characterizations, those are denied.

60. WSU responds that Chancellor Dewald's letter of November 30, 2021, speaks for itself. WSU admits that the letter contains the language quoted in Paragraph 60, except that close quotation marks are missing after the word "identified." However, no exhibits were attached to the SAC, so WSU cannot respond regarding the accuracy of the cited exhibit. To the extent that Paragraph 60 contains any other allegations, argument, inferences, or characterizations, those are denied.

61. WSU responds that Chancellor Dewald's letter of November 30, 2021, speaks for itself. To the extent a further response is required, the allegations in Paragraph 61 are denied.

62. WSU responds that Chancellor Dewald's letter of November 30, 2021, speaks for itself. To the extent a further response is required, the allegations in Paragraph 62 are denied.

63. WSU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, and therefore denies them. WSU further responds that no exhibits were attached to the SAC, so WSU cannot respond regarding the accuracy of the cited exhibit.

64. Paragraph 64 contains legal conclusions or argument to which no response is required. To the extent a further response is required, the allegations are denied.

WSU'S ANSWER TO SECOND AMENDED COMPLAINT - 13
Case No. 2:23-CV-00069-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

65. WSU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65, and therefore denies them.

66. WSU admits, as it informed Dr. Beuca in denying his accommodation request, that WSU doubted that he had a sincerely held religious belief in conflict with COVID-19 vaccination. WSU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66, and therefore denies them.

67. Denied.

68. WSU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68, and therefore denies them.

69. WSU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69, and therefore denies them.

70. WSU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70, and therefore denies them.

71. Paragraph 71 consists of legal conclusions or argument to which no response is required. To the extent a response is required, Paragraph 71 is denied.

72. WSU is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 72, and therefore denies them. The remaining allegations in Paragraph 72 consist of legal conclusions or argument to which no response is required. To the extent a response is required, these allegations are denied.

## V.  FIRST CAUSE OF ACTION

73. WSU incorporates its responses as set forth above.

WSU'S ANSWER TO SECOND AMENDED COMPLAINT - 14
Case No. 2:23-CV-00069-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

74. Paragraph 74 consists of legal conclusions or argument to which no response is required. To the extent a further response is required, the allegations are denied.

75. Paragraph 75 consists of legal conclusions or argument to which no response is required. To the extent a further response is required, the allegations are denied.

76. WSU admits that Dr. Beuca sought a religious exemption and accommodation from the COVID-19 vaccination requirement and that his request was denied. WSU further admits that Dr. Beuca's appeal of the decision to terminate him for failure to comply with the Proclamation was denied. Except as expressly admitted, and to the extent a further response is required, WSU denies the remaining allegations in Paragraph 76.

77. Paragraph 77 consists of legal conclusions or argument to which no response is required. To the extent a further response is required, the allegations are denied.

78. Paragraph 78 consists of legal conclusions or argument to which no response is required. To the extent a further response is required, the allegations are denied.

79. Paragraph 79 consists of characterizations of Dr. Beuca's claims and his requested relief, to which no response is required. To the extent a further response is required, the allegations are denied.

## V.    SECOND CAUSE OF ACTION

80. WSU incorporates its responses as set forth above.

WSU'S ANSWER TO SECOND AMENDED COMPLAINT - 15
Case No. 2:23-CV-00069-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

81.  Paragraph 81 consists of legal conclusions or argument to which no response is required. To the extent a further response is required, the allegations are denied.

## VII.  PRAYER FOR RELIEF

The remainder of the SAC constitutes a request for relief to which no response is required. To the extent a response is required, WSU denies that Dr. Beuca is entitled to the relief requested or to any relief whatsoever.

## WSU'S AFFIRMATIVE DEFENSES

WSU's affirmative defenses to the SAC are set forth below. By setting forth the following defenses, WSU does not assume the burden of proof on the matter or issue other than those on which it has the burden of proof as a matter of law. WSU reserves the right to supplement these defenses.

1.  Dr. Beuca has failed to state a state a claim, in whole or in part, upon which relief may be granted.

2.  Dr. Beuca's damages, if any, were caused by Dr. Beuca's own acts or omissions or by the acts or omissions of third parties.

3.  The SAC fails, in whole or in part, because some or all of the relief sought may be barred by Dr. Beuca's failure to mitigate damages.

4.  WSU's actions with respect to Dr. Beuca and his employment were based solely on legitimate, non-discriminatory, and non-retaliatory business reasons and were the result of a good faith effort to comply with the law.

WSU'S ANSWER TO SECOND AMENDED COMPLAINT - 16
Case No. 2:23-CV-00069-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

5. Dr. Beuca's claims are barred in whole or in part by the doctrines of laches, waiver, unclean hands, estoppel, or fraud.

6. Accommodating Dr. Beuca would have imposed an undue hardship on WSU.

7. WSU has not yet had a full opportunity to conduct discovery and, accordingly, reserves the right to assert additional affirmative defenses that may be disclosed in the course of discovery.

## WSU'S REQUEST FOR RELIEF

Wherefore, WSU prays that the Court:

1. Dismiss the SAC and all claims therein with prejudice;

2. Deny all relief that Dr. Beuca requests;

3. Grant WSU its costs and reasonable attorney's fees; and

4. Grant WSU such other and further relief as the Court may deem just and proper.

DATED this 13th day of January, 2025.

*s/ Zachary J. Pekelis*
ZACHARY J. PEKELIS, WSBA #44557
ERICA P. CORAY, WSBA #61987
Special Assistant Attorney General
PACIFICA LAW GROUP LLP
1191 2nd Avenue, Suite 2000
Seattle, WA 98101-3404
(206) 245-1700
Zach.Pekelis@PacificaLawGroup.com
Erica.Coray@PacificaLawGroup.com

*Attorneys for Defendant*
*Washington State University*

WSU'S ANSWER TO SECOND AMENDED COMPLAINT - 17
Case No. 2:23-CV-00069-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

DATED this 13th day of January, 2025.

_____
Erica Knerr
Legal Assistant

WSU'S ANSWER TO SECOND AMENDED COMPLAINT - 18
Case No. 2:23-CV-00069-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750