HONORABLE TIMOTHY O. RICE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| TIMOTHY BEUCA, <br><br> Plaintiff, <br><br> v. <br><br> WASHINGTON STATE UNIVERSITY, <br><br> Defendant. | CASE NO. 2:23-cv-00069-TOR <br><br> **JOINT STATUS REPORT** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("FRCP"), the Local Rules of the Eastern District of Washington, and the Court's Order Setting Scheduling Conference (ECF No. 23), Plaintiff Timothy Beuca and Defendant Washington State University, (collectively the "Parties") submit the following Joint Status Report.

JOINT STATUS REPORT - 1

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

**a) Whether jurisdiction, venue and standing are proper**

The Parties agree that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. The Parties further agree that venue is proper in this Court under 28 U.S.C. § 1391. Plaintiff has standing to bring this action.

**b) Whether service is complete and, if not, the expected date of completion**

All parties have been served in this case.

**c) A brief description of the claims and defenses**

This matter relates to Washington State University's (WSU) termination of Plaintiff's employment after he was not vaccinated against COVID-19 pursuant to Governor Inslee's Proclamation 21-14. On December 2, 2022, Plaintiff filed a Complaint in Whitman County Superior Court, which was removed to this Court. ECF No. 1-3. On May 19, 2023, the Court granted WSU's motion to dismiss. ECF No. 8. On July 18, 2024, the U.S. Court of Appeals for the Ninth Circuit reversed in light of *Groff v. DeJoy*, 600 U.S. 447 (2023)—which had been issued subsequent to the dismissal—and remanded to this Court for further proceedings. ECF Nos. 14, 15. Plaintiff filed a Second Amended Complaint in this Court on December 12, 2024. ECF No. 20 Plaintiff describes his claims as follows:

> Plaintiff alleges that Defendants, through its employees, terminated him in violation of his sincerely held religious belief against taking the Covid-19 vaccination. Plaintiff asserts causes of action in Under Title VII of the

JOINT STATUS REPORT - 2

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

Civil Rights Act and under the Washington Law Against Discrimination under RCW 49.60.180 et. seq.

Defendant describes its defenses as follows:

Defendant is not liable because, inter alia: (1) Plaintiff's opposition to the COVID-19 vaccines was not based on a sincerely held religious belief; and (2) WSU could not have accommodated Plaintiff without experiencing an undue hardship.

**d) Whether a statute's constitutionality is being challenged and whether the required notice has been provided**

No statute's constitutionality is be challenged in this case.

**e) Whether any issues should be certified to a state supreme court**

The Parties do not believe that any issues should be certified to the Washington Supreme Court.

**f) Suggested deadline for adding additional parties, amending the pleadings, and seeking class certification**

The Parties suggest a deadline of May 31, 2025 to add additional parties, amend the pleadings, or seek class certification.

**g) Whether all non-government corporate parties have filed the necessary ownership statement, see Fed. R. Civ. P. 7.1**

This requirement is not applicable to the parties in this case.

**h) Whether the case involves a minor or incompetent party and whether the appointment of a guardian *ad litem* is necessary, see LCivR 17(c)**

This case does not involve a minor or incompetent party.

JOINT STATUS REPORT - 3

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

i) **Discovery**

1. **confirmation that initial disclosures, see Fed. R. Civ. P. 26(a)(1), will be accomplished by the time of the hearing**

    The Parties confirm that initial disclosures will be exchanged on or before March 5, 2024.

2. **subjects on which discovery may be needed**

    Plaintiff expect topics for discovery to include all asserted claims, damages and defenses.

    Defendant anticipates seeking discovery on the following subjects, among others: (a) the claims and allegations in Plaintiff's Second Amended Complaint; (b) Plaintiff's beliefs, statements, communications, and actions regarding COVID-19, including the COVID-19 vaccines; (c) Plaintiff's religious beliefs and practices, including as they relate to the COVID-19 vaccines; (d) Plaintiff's employment history, job duties, and job performance; (e) Plaintiff's communications, interactions, and relationships with WSU employees, coworkers, patients, and others; (f) Plaintiff's job duties, responsibilities, and functions; (g) Plaintiff's request for a religious exemption and accommodation from the COVID-19 vaccination requirement; (h) Plaintiff's alleged damages, including any efforts to mitigate them; and (i) the risks, costs, implications, hardships, and impacts of allowing Plaintiff to remain in his position unvaccinated.

JOINT STATUS REPORT - 4

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

3. **any issues about preserving discoverable information, including electronically stored information**

   The Parties do not anticipate any issues related to preserving discoverable information or electronically stored information (ESI). When ESI is responsive to a discovery request or appropriately the subject of mandatory disclosure, the Parties agree that responsive ESI will be provided consistent with the Model Protocol.

4. **claims of privilege, protection of confidentiality, and proposed confidentiality agreements**

   The Parties do not anticipate any unique concerns related to privilege or confidentiality. The Parties may, however, execute a confidentiality agreement at a later date to protect student or employee health data.

5. **Proposed agreements reached under Fed. R. Evid. 502**

   Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection, if (i) such information appears on its face to have been inadvertently produced, or (ii) the producing party provides notice within 15 days of discovery by the producing party of the inadvertent production.

6. **proposed modifications to the standard discovery procedures, including bifurcation and/or consolidation of discovery, or an increase in the allowed number of depositions (10), interrogatories (25), requests for production (30), or requests for admission (15)**

JOINT STATUS REPORT - 5

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

The Parties propose bifurcating discovery such that an initial discovery period be set to conduct discovery only on issues related to whether accommodating Plaintiff would have imposed an undue hardship on WSU under Title VII and the WLAD. If WSU's motion for summary judgment on undue hardship is not granted, a second discovery period would apply to any remaining issues, including Plaintiff's prima facie case under Title VII and the WLAD.

**7. suggested expert disclosure deadlines**

The Parties suggest an initial expert disclosure deadline of May 28, 2024, and a rebuttal expert disclosure deadline of June 27, 2024.

**8. Suggested discovery cut-off**

The Parties suggest an initial discovery cutoff date of July 25, 2024, for the first discovery period related to undue hardship. If WSU's motion for summary judgment is not granted, the Parties suggest a cutoff date of January 23, 2026, for the second period of discovery on remaining issues unrelated to undue hardship.

**j) Anticipated motions and suggested dispositive motion filing deadlines**

The Parties suggest bifurcating summary judgment motions such that an initial summary judgment deadline be set to file motions addressing only the issue of undue hardship. The initial filing deadline for these motion is suggested to be August 29, 2025.

JOINT STATUS REPORT - 6

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

If WSU's motion for summary judgment on the issue of undue hardship is not granted, the Parties suggest a second summary judgment deadline of February 27, 2026, to file motions related to all remaining issues unrelated to undue hardship.

**k) Trial**

1. **Whether a jury has been requested. In cases removed from state court in which a party desires a jury trial, a jury demand must be filed within 30 days after removal, see LCivR 38(d);**

    Plaintiff did not request a jury trial within the applicable time period under the Federal Rules of Civil Procedure.

2. **Suggested trial date(s) and location;**

    The Parties propose a trial date in late July 2026.

3. **Anticipated length of trial;**

    The Parties anticipate that trial would last 5-7 days.

4. **Requests for bifurcation**

    The Parties do not request bifurcation of trial.

5. **The need for special audio/visual courtroom technology**

    The Parties do not anticipate a need for audio/visual courtroom technology.

**l) The likelihood for settlement and the point at which the parties can conduct meaningful dispute resolution**

The Parties have met and conferred regarding dispute resolution and presently believe settlement is unlikely, but the Parties will engage in dispute resolution no later than 90 days prior to the scheduled trial date.

JOINT STATUS REPORT - 7

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

**m) Any other matters that may be conducive to the just, speedy, and inexpensive determination of the action.**

Other than bifurcation of discovery as described above, the Parties do not currently have any additional suggestions to make this case more just, efficient, or economical at this time.

**n) Whether the parties require a Scheduling Conference or consent to the Court striking the hearing and issuing a scheduling order.**

The Parties consent to the Court striking the hearing and issuing a scheduling order.

DATED this 19th day of February, 2025.

Pacific Justice Institute

By: /s/ Harold H. Franklin, Jr.
Harold H. Franklin, Jr., WSBA No. 20486
Tracy Tribbett WSBA No. 35922
Attorneys for Plaintiff

Pacifica Law Group LLP

By: /s/ Zachary J. Pekelis
Zachary J. Pekelis, WSBA No. 44557
Erica Coray, WSBA No. 61987
Attorneys for Defendant

JOINT STATUS REPORT - 8

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750